**United States District Court**
**For The District of Columbia**

| | |
|---|---|
| Michael L. Turner ) | CASE NUMBER 1:05CV01543 |
| 928 Booker Drive ) | |
| Capitol Heights, MD 20743 ) | JUDGE: Henry H. Kennedy |
| (301)324-5518 ) | |
| ) | DECK TYPE: Employment Discrimination |
| v. ) | DATE STAMP: 07/29/2005 |
| ) | |
| Department of Interior ) | |
| 1849 C. Street, NW ) | |
| Washington, DC 20240 ) | |
| Gale A. Norton ) | |
| ) | |
| U.S. Park Police ) | |
| 1100 Ohio Drive, SW ) | |
| Washington, DC 20242 ) | |
| Dwight E. Pettiford ) | |

**FILED**

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# COMPLAINT

On March 13, 2004 I was removed erroneously from the U.S. Park Police for failure to complete basic police training. This matter has gone through the Merit Systems Protection Board without any remedy. I was given the option by MSPB to file a civil action against the agency in an appropriate United States District Court. The agency has made several procedure errors and unjust discrimination in its decision to remove me from my position as a police officer (SP-0083-3). I was hired by the U.S Park Police on October 7, 2001 due to an injury while training at the Federal Law Enforcement Training Center (FLETC). I had completed approximately fourteen weeks of training prior to the injury. In July of 2003 I returned to FLETC and completed all graded coursework required for certification. Two days prior to graduation I was dismissed from training, due to me an African – American male to have allegedly accosted three Caucasian males. A civil action lawsuit has been filed in this court against FLETC see Civil No. 04CA0606 HHK. This case is still pending, but yet I have been removed from my position. I am requesting to have a trial by jury, be reinstated without a brake in service, receive back pay with interest including overtime, attorney's fees paid, and compensatory damages of twenty five million dollars ($25,000,000.00).

Respectfully Submitted,

*/s/ Michael L. Turner*
Michael L. Turner
928 Booker Drive
Capitol Heights, MD 20743

**RECEIVED**

JUL 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

/

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MICHAEL L. TURNER,
        Appellant,

v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
DC-0752-04-0413-I-1

DATE: JUN 20 2005

Michael L. Turner, Capitol Heights, Maryland, pro se.

Phyllisina Leslie, Esquire, Washington, D.C., for the agency.

**BEFORE**

Neil A. G. McPhie, Chairman
Barbara J. Sapin, Member

**FINAL ORDER**

The appellant has filed a petition for review in this case asking us to reconsider the initial decision issued by the administrative judge. We grant petitions such as this one only when significant new evidence is presented to us that was not available for consideration earlier or when the administrative judge made an error interpreting a law or regulation. The regulation that establishes this standard of review is found in Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

After fully considering the filings in this appeal, we conclude that there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. 5 C.F.R. § 1201.115(d). Therefore, we DENY the petition for review. The initial decision of the

administrative judge is final. This is the Board's final decision in this matter. 5 C.F.R. § 1201.113.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request the Equal Employment Opportunity Commission (EEOC) to review this final decision on your discrimination claims. *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). You must send your request to EEOC at the following address:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, DC 20036

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

<u>Discrimination and Other Claims: Judicial Action</u>

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f); 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision without regard to your discrimination claims, you may request the United States Court of Appeals for the Federal Circuit to review this final decision on the other issues in your appeal. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the

court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

FOR THE BOARD:

                               /s/ Bentley M. Roberts, Jr.
                               Clerk of the Board

Washington, D.C.

## CERTIFICATE OF SERVICE

I certify that this Order was sent today to each of the following:

Certified Mail    Michael L. Turner
214 V Street, NE
Washington, DC 20002

U.S. Mail    Phyllisina Leslie, Esq.
Department Of The Interior
1849 C Street, NW
Mail Stop 6530
Washington, DC 20240

_____June 20, 2005_____
(Date)

Ameeran Ali
Paralegal Specialist

## CERTIFICATE OF SERVICE

I certify that this Order was sent today to each of the following:

Certified Mail        Michael L. Turner
                      928 Booker Drive
                      Capitol Heights, MD 20743

U.S. Mail             Phyllisina Leslie, Esq.
                      Department of the Interior
                      1849 C Street, NW
                      Mail Stop 6530
                      Washington, DC 20240

June 24, 2005                                    Jacquelin Wilson
(Date)                                           Jacquelin Wilson
                                                 Paralegal Specialist



United States Department of the Interior

NATIONAL PARK SERVICE
**UNITED STATES PARK POLICE**
Headquarters
1100 Ohio Drive, SW
Washington, D.C. 20024

IN REPLY REFER TO:

Sent Federal Express, Overnight Delivery, Tracking No.8435-1190-3959,
Certified Mail, Return Receipt Requested, Article No. 7001-1140-0001-4925-7565, and
Regular Mail

Memorandum                                                          Agency Copy

To:         Recruit Michael L. Turner, United States Park Police

From:       Benjamin J. Holmes, Jr., Acting Chief, United States Park Police

Subject:    Removal Decision

In a letter dated November 17, 2003, it was proposed to remove you from the Force and from Federal Service based on the reasons and specifications therein.

I have carefully considered the proposal, all of the material that formed the basis of the proposal, the mitigating and aggravating circumstances, your Oral Response of December 23, 2003, the documents you submitted at the oral response, your written reply of December 5, 2003, and a follow-up letter of January 7, 2004. Morris E. Fischer, Esq., of the Law Offices of Snider and Fischer, LLC, represented you at your oral response and submitted the written reply on your behalf.

Charges and Findings:

My decision regarding the charges stated in the Proposed Removal letter of November 17, 2003, letter is as follows:

| Charge 1: | Failure to Complete Basic Police Training: | Sustained |
|---|---|---|
| | Specification One: | Sustained |

05 1543

**FILED**
JUL 2 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

<u>Charge 1, Failure to Complete Basic Police Training, Specification One is Sustained.</u> On October 7, 2001, you were appointed to the Force. The Force sends all recruits to basic police training at the Federal Law Enforcement Training Center (FLETC). FLETC is operated by the Department of Homeland Security. On July 28, 2003, you entered the United States Park Police Integrated Recruit Training Program, Class Number 304 (USPP I-304), at FLETC. Successful completion of the training program was a condition of employment as an Officer with the United States Park Police. In regard to this requirement, on July 25, 2003, you received a letter from me, stating that your successful completion of training at FLETC was essential to your development as a police officer with the Force. By notice dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, you were informed that you were removed from USPP I-304 and were dismissed from training at FLETC. Your dismissal at FLETC was based on an investigation conducted by FLETC staff regarding your conduct on November 8, 2003. FLETC concluded that you committed an act of violence (assault) against a fellow classmate, Sean D'Augostine. Based on the findings of the FLETC investigation, you were removed from the basic police training class and dismissed from training at FLETC. You failed to successfully complete the required basic police training at FLETC.

My decision is not based on the underlying factual findings of FLETC regarding the incident of November 8, 2003. FLETC is a separate Federal agency and your dispute of the underlying facts is a separate matter between you and FLETC. Rather, my decision is based on the fact that FLETC removed you from basic police training class USPP I-304 and dismissed you from training at FLETC. As a result of your removal and dismissal from FLETC, you were unable to complete FLETC basic police training, which is a required prerequisite for anyone to work in the position of a United States Park Police Officer.

In making my decision, I have considered the November 13, 2003, letter from Bradley W. Smith, Deputy Assistant Director, Office of Training Management at FLETC in which you were informed of the decision to remove you from the training class.

I have also considered a letter from your attorney submitted to the Chief, United States Park Police, dated December 5, 2003, in which you requested that we consider a letter you sent to FLETC on the same date. You also requested specific documents, witness statements and pictures relied on by FLETC in their investigation of misconduct. In response, I note that we did not charge you with the underlying facts regarding the altercation at FLETC and these documents must be separately requested from FLETC. We attached a copy of all the documents we relied on for the Proposed Removal.

At your oral response, your attorney provided me a letter to Mr. Kenneth Keene, Deputy Director of FLETC, dated January 6, 2004, in which you asked for reconsideration of FLETC's decision to remove you from the training class. Also, at your oral response, on December 23, 2003, you asserted that the FLETC investigation was ongoing. You submitted a letter dated December 2, 2004, from FLETC attorney advisor Trisha L.

2

Besselman in support of this position. In response, I note that you have not submitted any documentation from FLETC with a final appeal decision. As you have provided no additional information regarding the status of your appeal, I am relying on the November 13, 2003, letter from Bradley W. Smith which is a decision to remove you from the FLETC training class.

At your oral response to the Proposed Removal, you also asserted that you had completed all coursework at FLETC and that the graduation ceremony was not necessary to your ability to work as a police officer. At the oral response, I asked you to submit documentation regarding your assertion that you had completed all course work. In response, your attorney sent me a letter dated January 7, 2004. This letter merely referred to another letter, dated January 6, 2004, from your attorney to Mr. Kenneth Keene, Deputy Director of FLETC. In this latter letter, your attorney asked for an explanation as to why a notation showing "unsatisfactory" was on the FLETC transcript. Again, you failed to submit a copy of any response by FLETC to this letter. As you provided no additional information, I am relying on the November 13, 2003, letter from Bradley W. Smith which is a decision to remove you from the FLETC training class.

At your oral response to the Proposed Removal, you next asserted that FLETC was contradicting itself regarding the issue of whether an investigation was ongoing. In this regard, you refer to the letter from Mr. Smith and another letter from FLETC dated December 2, 2003. However, you have failed to produce any documents from FLETC indicating the final status of your appeal of your removal from FLETC training. As such, I am relying on the November 13, 2003, letter from Bradley W. Smith which is a decision to remove you from the FLETC training class.

Finally, at the oral response to the Proposed Removal, you presented a 1977 case from the United States Court of Appeals for the Seventh Circuit (<u>Charles H. Young v. Robert E. Hampton, et al.</u>). You argued this case requires that the Force to prove that your removal would promote the efficiency of the service. This is the correct standard; however, it is the Force's contention that your removal will promote the efficiency of the service. Upon graduation, a recruit gets a certification from FLETC that they have successfully completed basic police training. You do not have this certification. Instead, you were dismissed from class and removed from FLETC. Thus you have failed to meet a basic requirement needed to work as a police officer. The Force has been sending recruits to FLETC for training since 1975. Prior to this, the Force sent recruits to the Consolidated Federal Training Center beginning in 1971. Since the initiation of these basic police training classes, the Force has never retained a recruit to work as a police officer if they failed to complete basic police training at FLETC. Thus, your removal promotes the efficiency of the service. Citing <u>Young v. Hampton,</u> your attorney also asserted that removing you due to concern over possible embarrassment by the Force is not a sufficient ground to remove you from the Force. In response, you are being removed due to failure to obtain the necessary certification that you successfully completed basic police training at FLETC. Without this certification, you cannot work as a police officer and this is the reason you are being removed. In selecting an appropriate penalty, the Force has considered the fact that your dismissal from class and removal

3

from the FLETC basic police training class has been embarrassing to the Force.

Based on a review of all the evidence, I find that Charge 1, Specification One is sustained.

Penalty Analysis

In deciding to remove you from your position with the Force and the Federal Service, I considered the factors listed below.

Nature and Seriousness of the Offense and Effect of the Offense Upon Your Ability to Perform at a Satisfactory Level

I have considered the seriousness of the offense, and its relation to your duties, position and responsibilities. I have also considered the effect your failure to complete basic police training at FLETC has on your ability to perform at a satisfactory level in your position. I find that due to your failure to successfully complete basic police training at FLETC, you can not perform the duties and responsibilities of a police officer.

Length of Service and Prior Discipline

I have favorably considered the length of your career with the Force (hired on October 7, 2001). I have also favorably considered the fact that you have had no prior discipline. Although I considered and weighed the evidence you presented and the above mentioned factors, I find that your failure to meet the basic qualification to become a police officer outweighs these other considerations.

Consistency of the Penalty with Those Imposed on Other Employees for the Same or Similar Offense

As noted above, the Force has never retained a recruit to work as a police officer if they failed to complete basic police training at FLETC. Thus, I find your removal is consistent with our past practice regarding the retention of police officers who fail to complete basic police training at FLETC.

Clarity with Which the Employee was on Notice of Rules Violated

As previously noted, on July 25, 2003, you received a letter from me stating that your successful completion of training at FLETC was essential to your development as a police officer with the Force. Thus, you were on notice of the requirement that you complete basic police training at FLETC.

4

Other Mitigating Circumstances

I have also considered your assertion that Recruit Sean D'Augostine provoked the altercation you had on November 8, 2003. FLETC investigated this incident and dismissed you from your basic police training class. As FLETC is a separate Federal agency, the Force has no control over their decision to dismiss you from training. Your dispute regarding the altercation must be separately raised with FLETC.

Conclusion

Based on all of the evidence in this matter, including the arguments made by your representative, I have determined that your failure to complete basic police training at FLETC has impaired the efficiency of the Force and the Federal Service and warrants your removal.

It is my decision to remove you from the U.S. Park Police and from Federal Service effective Saturday, March 13, 2004.

Employee Rights and Procedures

If you believe that this action is improper, you have the right to file an appeal to the Merit Systems Protection Board (MSPB) or to file an appeal under the negotiated grievance procedure, as described in the Article entitled "Arbitration," in the Labor Management Agreement between the National Capital Region, National Park Service, United States Department of the Interior, and the Fraternal Order of Police, United States Park Police Labor Committee, dated 1999.

One or the other of these methods of appeal may be used but not both; and, once made, the decision is irrevocable.

An MSPB appeal should be addressed to:
      Chief Administrative Judge
      Merit Systems Protection Board
      Washington D.C. Regional Office
      1800 Diagonal Road, Suite 205
      Alexandria, VA 22314-2840

The above office of the MSPB must receive your appeal no later than thirty (30) calendar days after the effective date of this action or 30 days after the date of receipt of this decision, whichever is later. Should you allege that this action was based in whole or in part on your marital status or political affiliation, you can also appeal on these grounds to the MSPB.

5

If you do not submit an appeal within the time set by statute, regulation, or order of the judge, your appeal will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely.

A copy of the MSPB regulations (5 C.F.R., Part 1201), the MSPB Appeal Form and a question and answer pamphlet are attached. All of these documents, including the MSPB Appeal Form, can be downloaded electronically on the MSPB website at www.mspb.gov. This action (the decision to remove you) is not subject to review under the Department of the Interior Grievance Procedures (370 DM 771). You may use the attached MSPB Appeal Form to file an appeal, although it is not required that you file your appeal using the form. However, since completion of the form would constitute compliance with the requirements of Section 1201.24 (a), you are encouraged to use the form.

If, instead, you choose to proceed to <u>Arbitration</u>, then you must do so within thirty (30) days after the effective date of this decision. Pursuant to the agreement between the Fraternal Order of Police and the Force, only the Union may invoke arbitration; therefore, please contact the union if you wish to pursue arbitration.

The Standard Form-50, affecting your removal will be forwarded as soon as possible.

_____       __3/5/04_____
Benjamin J. Holmes, Jr.                Date
Acting Chief, United States Park Police

Enclosures

6

BEFORE THE
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| MICHAEL L. TURNER, | ) |
| Appellant, | ) |
| v. | ) DOCKET NUMBER |
| | ) DC-0752-04-0413-I-1 |
| DEPARTMENT OF THE INTERIOR, | ) |
| Agency. | ) |

## APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE

In accordance with Judge Michelle Hudson's Order to Show Cause, dated September 22 2004, the Appellant submits the following response, supplementing arguments previously made in the above matter.

**A. Issue: WHETHER THE PENALTY OF REMOVAL CONSTITUTES DISPARATE TREATMENT IN LIGHT OF THE AGENCY'S BELATED CONCESSION THAT ANOTHER (NON-AFRICAN-AMERICAN) POLICE OFFICER TRAINEE WAS PERMITTED TO HOLD A POSITION WITH THE AGENCY NOTWITHSTANDING HIS FAILURE TO COMPLETE BASIC POLICE TRAINING AT FLETC.**

**B. Argument:**

Based on the Agency's concessions made in the Agency's Closing Brief (Agency Br. at 4-7), it is now clear that the Appellant, an African-American, was subject to disparate treatment when he was terminated from his position with the Agency. As an African-American, the Appellant is a member of a protected group. BF, another police officer trainee (not a member of the Appellant's protected group), was similarly situated to the Appellant in

that he failed to complete police training at FLETC. However, the Appellant was treated much more harshly or disparately than BF in that BF was permitted to continue to hold a position with the Agency whereas the Appellant was not. These facts clearly raise a *prima facie* case of discrimination. Buckler v. Federal Retirement Thrift Investment Board, 73 M.S.P.R. 476, 497 (1997).

The Agency seeks to justify any apparent discrimination with a purported legitimate, nondiscrimatory explanation, i.e., that "[t]he Agency removed Appellant from his position as recruit due to his failure to complete basic police training . . ." Agency Br. at 6. However, this explanation does nothing to overcome or dispel the *prima facie* evidence of discrimination **where BF also failed to complete basic police training**; it does nothing to legitimize the disparately harsh treatment that the Appellant was subjected to or to explain in a non-discriminatory fashion why a similarly situated non-African-American was treated more favorably.

Moreover, any implicit suggestion by the Agency (see Agency Br., Exhibit B) that the disparity in treatment between the Appellant and BF can be explained in terms of the Appellant's removal from training for misconduct (as compared to failure to pass required examinations) must be rejected. As emphasized in the Appellant's initial brief, the basis for his termination was not misconduct but simply his failure to complete training. In terminating the Appellant, the Agency did not rely on FLETC's investigation and conclusions as to the purported misconduct and in fact disavowed any reliance on that independently conducted investigation and its conclusions. Accordingly, the Agency is in no position to rely on that investigation and its findings of misconduct to justify its apparently

2

discriminatory actions and any such reliance should be seen as pre-textual. Carter v. Small Business Administration, 61 M.S.P.R. 656, 665 (1994).

Perhaps the most obvious point that undermines any purported, non-discriminatory explanation is that, by the Agency's own admission, BF was removed from training because of his failure to pass a required examination *"due to a language barrier."* Agency Br., Exhibit B. Nevertheless, and notwithstanding this language barrier, the Agency offered BF continued employment in the position of Telecommunications Operator in the Communications Section. Why would the Agency offer such employment to BF whereas the Appellant, an African-American with no such language difficulty as reflected by the record, was not made such an offer but was unconditionally terminated? In view of these circumstances, any purported non-discriminatory explanation for the disparate treatment must be rejected.

Accordingly, the Appellant should be restored to his position as a police officer, or at minimum, offered a similar position to that which was made available to BF.

Respectfully submitted,

Harold M. Vaught, Esq.

3