UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,

             Plaintiff,

  v.

DEPARTMENT OF THE INTERIOR, *et al.*,

             Defendants.

Civil Action No. 05-1543 (HHK)

## MEMORANDUM OPINION and ORDER

This matter is before the court on consideration of defendant's motion to dismiss the complaint. Having considered defendant's motion and the record of this case, the Court will deny the motion.[1]

A plaintiff who challenges a decision of the Merit Systems Protection Board ("MSPB") must file his civil action against the government within thirty calendar days of receipt of the MSPB Order. *See* 5 U.S.C. § 7703(b)(2). It appears that plaintiff received the MSPB Order on

---

[1] Ordinarily, the court would issue an order advising the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this court when a defendant files a dispositive motion. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). The order also would direct plaintiff to file an opposition or other response to the motion by date certain. In this case, review of the Court's official records alone provides sufficient information, and the court will rule on the motion without plaintiff's further input.

June 27, 2005.[2]  *See* Def.'s Mot., Ex. A.

Review of the Court's official records showed that the Clerk of the Court received plaintiff's complaint and application to proceed *in forma pauperis* on July 27, 2005, a date within the 30-day statutory period. The Court granted plaintiff's application to proceed *in forma pauperis* on July 29, 2005. *See* Dkt. #3. The Clerk officially filed the complaint and application on the court's docket on July 29, 2005. *See* Dkt. #1-2.

Plaintiff is not responsible for the lapse of time between submission of his complaint and application to proceed *in forma pauperis* to the Clerk and the official filing of these papers on the Court's electronic docket. The Court does not penalize a plaintiff for any delay caused by its own internal administrative processes. *See Hogue v. Roach*, 967 F.Supp. 7, 8 (D.D.C. 1997) (administrative delay for correction of deficiencies in application to proceed *in forma pauperis* irrelevant to issue of timeliness of filing Title VII complaint); *Guillen v. National Grange*, 955 F.Supp. 144, 145 (D.D.C. 1997) (tolling 90-day limitations period upon presentation of complaint accompanied by petition to proceed *in forma pauperis*).

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [Dkt. #6] is DENIED.

SO ORDERED.

/s/
HENRY H. KENNEDY, JR.
United States District Judge

---

[2] MSPB mailed two copies of its Order to plaintiff by certified mail, one to a District of Columbia address, the other to a Capitol Heights, Maryland address. *See* Def.'s Mot., Ex. A. On the "green cards," there is no date in the boxes marked "date of delivery." Each card, however, bears a United States Postal Service stamp dated July 27, 2005.