```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

MICHAEL L. TURNER,              )
                                )
        Plaintiff,               )
                                )
        v.                       )   Civil No. 05-1543 HHK
                                )
UNITED STATES DEPARTMENT OF     )
   THE INTERIOR, et al.,        )
                                )
        Defendants.              )

**DEFENDANTS' PROPOSED SCHEDULING REPORT TO THE COURT**

Pursuant to Local Civil Rule 16.3(c), and the Court's order dated December 22, 2005, defendants provide the following proposed schedule to the Court; plaintiff pro se would not cooperate in a joint report.

Statement of the Case

Plaintiff, a former employee of the United States Park Police, filed suit seeking review of a decision by defendant U.S. Department of the Interior to remove him from the United States Park Police Recruit Training Program. The grounds for this removal were that plaintiff failed to complete the basic police training at the Federal Law Enforcement Training Center {FLETC]. Plaintiff concedes in his Complaint that he was dismissed at FLETC from training prior to graduation. Defendants were informed that FLETC removed plaintiff from the United States Park Police Class due to a violation of the standards of conduct, based on a

finding that plaintiff had assaulted another a fellow classmate.  Defendants aver that race played no part in the decision made by defendants and that completion of the program at FLETC is a requirement for United States Park Police officers.

With respect to the provisions of Local Rule 16.3©, defendants state as follows:

1.  Defendants believes that the case will be decided by dispositive motion.  No dispositive motion has yet been filed.

2.  Defendants do not intend to join other parties and do not believe that factual or legal issues can be agreed upon or narrowed at this time.

3.  Defendants oppose assignment of this matter to a magistrate judge for all purposes.

4.  Defendants believe that it is too early to ascertain if the case can be settled.

5.  Defendants do not believe that the alternative dispute resolution system would be beneficial at this time.

6.  Defendants intend to file a dispositive motion before discovery and seek to stay discovery pending resolution of that motion.  Defendants suggest the following schedule:

(a) any dispositive motion shall be filed no later than 30 days after the scheduling conference;

(b) the opposition memorandum shall be filed 30 days thereafter; and

(c) the reply memorandum, if any, shall be filed 14 days after the opposition memorandum has been filed.

7.  Defendants want to dispense with initial disclosures required by Fed. R. Civ. P. 26(a)(1) until the discovery period, if any, begins in this case, at which point the timing for such disclosures should be within fourteen days of the commencement of discovery.

8.  Defendants believe that discovery, when and if it begins, should be for a five-month period.  Limitations on discovery should be those set forth in the Federal Rules of Civil Procedure and the Local Rules.  A protective order may be necessary in this case and, if so, defendants will work with plaintiff to reach an agreement on a proposed protective order for the Court.

9.  Defendants are uncertain as to whether any expert witnesses will be used in this case.  In the event a party decides to use expert testimony, defendants suggest that the parties submit to the Court a proposed schedule for expert discovery.

10. Not applicable.

11. Defendants believe that bifurcation is not needed.

12. - 13. Defendants believe that a pretrial date should be set after the Court resolves any dispositive motion filed in this case, and that a trial date should be set at the pretrial conference.

14. Defendants are aware of no other matters at present that need to be included in a scheduling order.

The Court is respectfully referred to the enclosed

proposed Scheduling Order.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

<u>CERTIFICATE OF SERVICE</u>

I certify that the accompanying Defendants' Proposed Scheduling Report, with proposed order, was served upon plaintiff by email April 17, 2006, and by hand on April 18, 2006:

>Mr. Michael L. Turner
>928 Booker Dr.
>Capitol Heights, MD 20743

_____
MARINA UTGOFF BRASWELL, D.C. Bar #416587
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7226

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

MICHAEL L. TURNER,              )
                                )
        Plaintiff,               )
                                )
        v.                       )    Civil No. 05-1543 HHK
                                )
UNITED STATES DEPARTMENT OF     )
  THE INTERIOR, et al.,         )
                                )
        Defendants.             )

## SCHEDULING ORDER

Upon consideration of defendants' proposed schedule, and the scheduling conference held on April 18, 2006, it is here

ORDERED that the following schedule will apply in this case:

(a) any pre-discovery dispositive motion shall be filed no later than 30 days after the scheduling conference;

(b) the opposition memorandum shall be filed 30 days thereafter;

(c) the reply memorandum, if any, shall be filed 14 days after the opposition memorandum has been filed; and it is further

ORDERED that discovery shall be stayed pending further order of the Court.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Michael L. Turner
928 Booker Dr.
Capitol Heights, MD 20743