UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,           )
                             )
        Plaintiff,           )
                             )
        v.                   )    Civil No. 05-1543 HHK
                             )
UNITED STATES DEPARTMENT OF  )
   THE INTERIOR, et al.,      )
                             )
        Defendants.          )
_____)

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, by their undersigned counsel, respectfully move the Court, pursuant to Rules 56 of the Federal Rules of Civil Procedure, for an order granting defendants summary judgment on the grounds that no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law.  In support of this motion, the Court is respectfully referred to the accompanying statement of material facts, the memorandum of points and authorities and the attached exhibits.  A proposed order is also attached.

Plaintiff pro se should take notice that any factual assertions contained in the affidavit and other attachments in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7(h), and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would
be admissible in evidence, and shall show affirmatively
that the affiant is competent to testify to the matters
stated therein.  Sworn or certified copies of all
papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The
court may permit affidavits to be supplemented or
opposed by depositions, answers to interrogatories, or
further affidavits.  When a motion for summary judgment
is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the
adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

Fed. R. Civ. P. 56(e).

                        Respectfully submitted,


                        _____
                        KENNETH L. WAINSTEIN, D.C. BAR #451058
                        United States Attorney


                        _____
                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                        Assistant United States Attorney


                        _____
                        MARINA UTGOFF BRASWELL, DC BAR #416587
                        Assistant United States Attorney
                        U.S. Attorney's Office
                        555 4th Street, N.W. - Civil Division
                        Washington, D.C. 20530
                        (202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,                    )
                                      )
          Plaintiff,                  )
                                      )
          v.                          )    Civil No. 05-1543 HHK
                                      )
UNITED STATES DEPARTMENT OF           )
  THE INTERIOR, et al.,               )
                                      )
          Defendants.                 )
_____       )


DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

          Pursuant to Local Civil Rule 7.1(h), defendant hereby

submits his statement of material facts as to which there is no

genuine issue:

Background

          1.  Plaintiff is an African-American male.  Complaint, p. 1.

          2.  Plaintiff was hired by the United States Park Police

[Park Police] as a police officer with the United States Park

Police on October 7, 2001.  Id.

          3.  Prior to being sworn in as a United States Police

Officer [USPP], all USPP recruits are required to complete basic

police training.  Exh. 1 at p. 4.

          4.  The Park Police sends its recruits to the Federal Law

Enforcement Training Center [FLETC] in Glynco, Georgia, which is

a component of the United States Department of Homeland Security,

in order to fulfill the basic police training requirement.  Id.

5.  FLETC decides whether the trainees have successfully completed the training offered and, upon graduation from FLETC, the Department of Homeland Security certifies that the recuit has successfully completed basic police training by issuing a certificate.  Exh. 2.

6.  In October 2001 plaintiff was sent to FLETC for training but due to a personal injury sustained on January 3, 2002, he was unable to complete his training.  He was directed to report to Washington, D.C. and informed that after his injury healed he could complete his FLETC training with a future recruit class. Exh. 3.

7.  On July 24, 2003, plaintiff was informed that he would be returning to FLETC on July 28, 2003 to complete his training and that "upon successful completion, [plaintiff's] permanent duty station will be Washington, D.C."  Exh. 4.  Plaintiff was also informed that "training at FLETC is essential to your development as a police officer.  If you fail to meet the FLETC or the Force training or conduct requirements, you will be directed to report to the Human Resources Office at Headquarters, Washington, D.C."  Id.

8.  On July 28, 2003,[1] plaintiff signed the Code of Conduct for USPP recruits, which informed him that dismissal from

---

[1] Plaintiff erroneously wrote 2004" but the document was signed in 2003, prior to his termination.

training at FLETC could be grounds for termination from the Park Police. Exh. 5. Plaintiff also acknowledged receiving a memorandum concerning Park Police training requirements, which informed him that "[a]ny recruit who fails to meet Academy training requirements will be dismissed from training." Exh. 6.

9. By letter dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, plaintiff was informed that he was being removed from his training class and dismissed from FLETC based on an investigation of plaintiff for assaulting a fellow classmate. Exh. 7.

10. On November 17, 2003, the Park Police proposed to remove plaintiff from his position with the Park Police due to his failure to complete the basic police training at FLETC. Exh. 8.

11. Plaintiff's transcript from FLETC shows that he did not complete all of the FLETC coursework, received an "Unsatisfacory" mark, and that he left FLETC November 14, 2003 "due to [a] violation of the standards of conduct." Exhs. 9-10.

12. On March 5, 2004, the Park Police issued a decision to remove plaintiff from the Park Police for failure to complete

basic police training.  Exh. 11.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7226

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,                    )
                                      )
          Plaintiff,                  )
                                      )
          v.                          )    Civil No. 05-1543 HHK
                                      )
UNITED STATES DEPARTMENT OF           )
   THE INTERIOR, et al.,              )
                                      )
          Defendants.                 )
_____      )


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

Plaintiff pro se, a former employee of the United States
Park Police, brought this action under Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, alleging
discrimination based on race.  In particular, plaintiff, an
African-American male, alleges that he was discriminated against
when he was removed from the United States Park Police [Park
Police], a component of the United States Department of the
Interior, after failing to obtain a certificate of completion of
training at the Federal Law Enforcement Training Center [FLETC].

As demonstrated below, defendants are entitled to summary
judgment on plaintiff's claim.  The undisputed evidence shows
that successful completion of basic police training at FLETC was
required for a person seeking to be employed as a police officer
with the Park Police.  Plaintiff was removed from his conditional
position with the Park Police solely because he failed to obtain

the necessary certificate from FLETC, an independent agency over which defendants have no control. Plaintiff even concedes in his Complaint that he was removed from the Park Police for failure to complete basic police training. Id. at p. 1. Accordingly, plaintiff cannot establish a prima facie case of discrimination, because he cannot show he was qualified for the position of police officer with the Park Police.

Nonetheless, even if plaintiff could demonstrate a prima facie case under Title VII, the Park Police had a legitimate, non-discriminatory reason for terminating plaintiff's employment, as plaintiff failed to complete the basic police training at FLETC required of all Park Police officers. Such a decision was comfortably within the Park Police's prerogative to manage its employment affairs, and plaintiff cannot show any evidence of pretext.

Accordingly, for the reasons set forth in this memorandum and accompanying exhibits, defendants respectfully submit that they are entitled to summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African-American male who was hired by the Park Police as a police officer with the United States Park Police on October 7, 2001. Complaint, p. 1. Prior to being sworn in as a United States Park Police Officer [USPP], all USPP recruits are required to complete basic police training. Exh. 1

at p. 4.  The Park Police sends its recruits to the Federal Law
Enforcement Training Center [FLETC] in Glynco, Georgia, which is
a component of the United States Department of Homeland Security,
in order to fulfill the basic police training requirement.  Id.
FLETC decides whether the trainees have successfully completed
the training offered and, upon graduation from FLETC, the
Department of Homeland Security certifies that the recuit has
successfully completed basic police training by issuing a
certificate.  Exh. 2.

In October 2001 plaintiff was sent to FLETC for training but
due to a personal injury sustained on January 3, 2002, he was
unable to complete his training.  He was directed to report to
Washington, D.C. and informed that after his injury healed he
could complete his FLETC training with a future recruit class.
Exh. 4.

On July 24, 2003, plaintiff was informed that he would be
returning to FLETC on July 28, 2003 to complete his training and
that "upon successful completion, [plaintiff's] permanent duty
station will be Washington, D.C."  Exh. 5.  Plaintiff was also
informed that "training at FLETC is essential to your development
as a police officer.  If you fail to meet the FLETC or the Force
training or conduct requirements, you will be directed to report
to the Human Resources Office at Headquarters, Washington, D.C."
Id.

3

On July 28, 2003,[1] plaintiff signed the Code of Conduct for USPP recruits, which informed him that dismissal from training at FLETC could be grounds for termination from the Park Police. Exh. 6. Plaintiff also acknowledged receiving a memorandum concerning Park Police training requirements, which informed him that "[a]ny recruit who fails to meet Academy training requirements will be dismissed from training." Exh. 7.

By letter dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, plaintiff was informed that he was being removed from his training class and dismissed from FLETC based on an investigation of plaintiff for assaulting a fellow classmate. Exh. 8. Plaintiff's transcript from FLETC shows that he did not complete all of the FLETC coursework, received an "Unsatisfacory" mark and that he left FLETC November 14, 2003 "due to [a] violation of the standards of conduct." Exh. 10.

On November 17, 2003, the Park Police proposed to remove plaintiff from his position with the Park Police due to his failure to complete the basic police training at FLETC. Exh. 9.

On March 5, 2004, after giving plaintiff an opportunity to respond to the notice of proposed removal, the Park Police issued

---

[1] Plaintiff erroneously wrote 2004" but the document was signed in 2003, prior to his termination.

4

a decision to remove plaintiff from the Park Police for failure to complete basic police training.  Exh. 11.

**ARGUMENT**

    I.   Defendants Are Entitled to Summary Judgment On Plaintiff's Claims.[1]

        A.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive determination of every action.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The party moving for summary judgment bears the initial responsibility of demonstrating the basis for his or her motion and identifying those portions of the record showing the absence of a genuine issue of material fact.  Id. at 323; Alexis v. District of Columbia, 44 F. Supp.2d 331, 337 (D.D.C. 1999).  To determine if the dispute about a material fact is "genuine," the

---

[1]  In fact, only Acting Secretary of the U.S. Department of the Interior, Lynn Scarlett, in her official capacity, is a proper party defendant under Title VII.  See 42 U.S.C. § 2000e-16(c); Jarell v. U.S.Postal Service, 53 F.2d 1088, 1090 (D.C. Cir. 1985).

Court must decide whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Thus, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 248. <u>See also</u> <u>Matsushita Electric Industrial Co., Ltd.</u> v. <u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Alexis</u>, 44 F. Supp.2d at 337. The mere existence of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. <u>See</u> <u>Anderson</u>, 477 U.S. at 247-48; <u>Santa Cruz</u> v. <u>Snow</u>, 402 F. Supp.2d 113, 120 n.4 (D.D.C. 2005). The trial court must enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. <u>Celotex</u>, 477 U.S. at 322; <u>see also</u> <u>Alexis</u>, 44 F. Supp. 2d at 337 ("Rule 56(c) mandates summary judgment" in this circumstance).

     B.  <u>Deference Due to Agency Decisions</u>

Before turning to the merits, a brief word is in order concerning the scope of review in employment discrimination cases. Though plaintiff might wish it otherwise, the employment

discrimination statutes did not transform federal courts into
review boards for local employment decisions.  The Court of
Appeals for this Circuit has made clear that "Title VII, it bears
repeating, does not authorize a federal court to become 'a super-
personnel department that reexamines an entity's business
decisions.'"  Barbour v. Browner, 181 F.3d 1342, 1346 (D.C. Cir.
1999) (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464
(7th Cir. 1986)).  To the contrary, a court "may not 'second-
guess an employer's personnel decision absent demonstrably
discriminatory motive.'"  Fischbach v. District of Columbia Dep't
of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (quoting
Milton v. Weinberger, 696 F.2d 94, 100 (D.C. Cir. 1982)).

> C.    Allocation of Burdens of Production and
>       Persuasion Under Title VII.

The burden-shifting framework of McDonnell Douglas Corp. v.
Green, 411 U.S. 792, 803-805 (1973), governs the analysis of
plaintiff's discrimination claim under Title VII.  Cones v.
Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000).  Under this test,
the plaintiff has the initial burden of proving by a
preponderance of the evidence a "prima facie" case of
discrimination.  Texas Dep't of Community Affairs v. Burdine, 450
U.S. 248, 252-53 (1981).  In order to establish a prima facie
case of race discrimination for non-promotion, the plaintiff must
establish that: (1) he is a member of a class or persons
protected by Title VII; (2) he suffered an adverse employment

7

action, and (3) the adverse action taken gives rise to an inference of discrimination.  <u>Stella</u> v. <u>Mineta</u>, 284 F.3f 135, 145 (D.C. Cir. 2002); <u>Brown</u> v. <u>Brody</u>, 199 F.3d 446, 452 (D.C. Cir. 1999).  In connection with a non-selection claim, the plaintiff must demonstrate as part of his <u>prima</u> <u>facie</u> case that he applied and was qualified for the position at issue.  <u>Stella</u> v. <u>Mineta</u>, 284 F.3d at 144.  As the Supreme Court noted, the purpose of the <u>prima</u> <u>facie</u> requirement in connection with a non-selection claim is to weed out cases where the rejection is based on "the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought. <u>International Brotherhood of Teamsters</u> v. <u>United States</u>, 431 U.S. 324 (1977); <u>Stella</u> v. <u>Mineta</u>, 284. F.3d at 145.

If the plaintiff is able to establish a <u>prima</u> <u>facie</u> case, the burden shifts to the defendant to produce credible evidence that his or her actions were taken for a legitimate, nondiscriminatory reason.  <u>McDonnell Douglas</u>, 411 U.S. at 802. The defendant's burden is one of production, not of proof, and is satisfied if it simply explains what it has done or produces evidence of legitimate nondiscriminatory reasons.  <u>See</u> <u>St. Mary's Center</u> v. <u>Hicks</u>, 509 U.S. 502, 509 (1993).

If the defendant meets this burden of production, the burden shifts back to the plaintiff to present evidence that the stated

reason was pretextual. <u>Id</u>. A reason cannot be proved to be pretext unless it is shown "both that the reason was false **and** that discrimination was the real reason." <u>Hicks</u>, 509 U.S. at 515 (emphasis added). At all times, the plaintiff retains the ultimate burden of persuasion to demonstrate that he was in fact the victim of intentional discrimination. <u>Id</u>. Moreover, a plaintiff cannot create a factual issue of pretext based merely on personal speculation of discriminatory intent. <u>Greene</u> v. <u>Dalton</u>, 164 F.3d 671, 675 (D.C. Cir. 1999). To avoid summary judgment on the ultimate issue, a plaintiff alleging discrimination must produce some objective evidence that the asserted reason is mere pretext and that, as a result, the defendant's actions were the product of discriminatory intent. <u>See</u> <u>Phillips</u> v. <u>Holladay Property Services, Inc.</u>, 937 F. Supp. 32, 35 n.2 (D.D.C. 1996).

      D.    <u>Plaintiff Cannot Establish a Prima Facie Case of Discrimination.</u>

      The undisputed evidence shows that all Park Police officers are required to complete the basic police training course at FLETC prior to being sworn in as a Park Police Officer. Exh. 1 at p. 4. Plaintiff, however, was removed from FLETC training due to a FLETC finding of misconduct, and his FLETC transcript indicates that he had not completed all of the required coursework. Exhs. 8 & 10. Absent any evidence from plaintiff that he had in fact completed all the FLETC training and received

9

a FLETC certificate, the Park Police relied on the November 13, 2003 letter from the Department of Homeland Security removing plaintiff from FLETC training as the basis for his decision to remove plaintiff from his conditional position as a Park Police officer.  Exh. 9.

Completion of FLETC training was a required qualification for the job of Park Police officer, and plaintiff failed to achieve this requirement.  As such, plaintiff was not qualified to perform the position of Park Police officer.  Because plaintiff was not qualified for the position, he cannot demonstrate a prima facie case of discrimination in connection with the Park Police's decision to remove him from his position as a Park Police officer.

Under such circumstances, defendants should be granted summary judgment on plaintiff's Title VII claim of race discrimination.

> E.    Plaintiff Cannot Point to any Evidence of Discrimination or Circumstances that give Rise to an Inference of Discrimination.

Even if plaintiff could establish a prima facie case of discrimination based on race, defendants have demonstrated a legitimate, non-discriminatory basis for the Park Police's decision to remove plaintiff from the position of Park Police officer.  Plaintiff failed to complete the basic police training as required in order to become a Park Police officer.

10

As the Park Police explained to plaintiff in the letter of removal, "[s]uccessful completion of the training program was a condition of employment as an Officer with the United States Park Police." Exh. 9 at 2.  There is no dispute that plaintiff was dismissed from FLETC's training program.  Whether that dismissal was correct or not is between plaintiff and FLETC, an independent agency that is part of the United States Department of Homeland Security.  In fact, this issue currently is being litigated before this Court in <u>Turner</u> v. <u>Federal Law Enforcement Training Center</u>, Civil No. 04-0606 HKK (D.D.C.).

As the Park Police explained:

> My decision is not based on the underlying factual findings of FLETC regarding the incident of November 8, 2003.  FLETC is a separate agency, and your dispute of the underlying facts is a separate matter between you and FLETC.  Rather, my decision is based on the fact that FLETC removed you from basic police training class USPP I-304 and dismissed you from training at FLETC.  As a result of your removal and dismissal from FLETC, you were unable to complete FLETC basic police training, which is a required prerequisite for anyone to work in the position of a United States Park Police.

Exh. 9 at 2.  There can be little doubt that such a decision rests on a non-discriminatory foundation.

Plaintiff can present no evidence of pretext.  The fact that he believes that the Park Police's decision is discriminatory is not enough.  In order to establish pretext, plaintiff must show that "a reasonable jury could conclude from all the evidence that the adverse employment decision was made for a discriminatory

11

reason." <u>Lathram</u> v. <u>Snow</u>, 336 F.3d 1085, 1088 (D.C. Cir. 2003). Plaintiff's mere speculation and unsubstantiated allegations of discrimination are insufficient to establish pretext.  <u>Nurriddin</u> v. <u>Goldin</u>, 382 F. Supp.2d 79, 95 (D.D.C. 2005);  <u>Broderick</u> v. <u>Donaldson</u>, 338 F. Supp.2d 30. 45 (D.D.C. 2005).

        "Where there is no evidence that illegal discrimination played a role in an employer's [] [adverse employment decision], the Court will not sit as a 'super-personnel department that reexamines an entity's business decisions.'" <u>Nurriddin</u>, 382 F. Supp.2d at 101, <u>quoting</u> <u>Fischbach</u> v. <u>D.C. Department of Corrections</u> 86 F.3d at 1183.  The same result is warranted here. Defendants are entitled to summary judgment because plaintiff can present no evidence to undermine defendants' non-discriminatory justification for the action taken against him.  <u>Nurriddin</u>, 382 F. Supp.2d at 101.

CONCLUSION

Accordingly, for the reasons set forth above, summary judgment should be granted to defendants.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

13

<u>CERTIFICATE OF SERVICE</u>

I certify that the accompanying Defendants' Motion For Summary Judgment, with exhibits and proposed order, was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

> Mr. Michael L. Turner
> 928 Booker Dr.
> Capitol Heights, MD 20743

on this 22nd day of May, 2006.

---

MARINA UTGOFF BRASWELL, D.C. Bar #416587
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7226

14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,                )
                                  )
            Plaintiff,            )
                                  )
            v.                    )    Civil No. 05-1543 HHK
                                  )
UNITED STATES DEPARTMENT OF       )
   THE INTERIOR, <u>et</u> <u>al</u>.,        )
                                  )
            Defendants.           )
_____)

### ORDER

Upon consideration of defendants' motion for summary judgment, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this _____ day of _____, 2006,

ORDERED that defendants' motion for summary judgment be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center
555 - 4th Street, N.W.
Washington, D.C. 20530


Mr. Michael L. Turner
928 Booker Dr.
Capitol Heights, MD 20743