

United States Department of the Interior
NATIONAL PARK SERVICE
**UNITED STATES PARK POLICE**
Headquarters
1100 Ohio Drive, SW
Washington, D.C. 20024

IN REPLY REFER TO:

Memorandum                                              Employee Copy

To:        Recruit Michael L. Turner, United States Park Police

From:      Barry S. Beam, Deputy Chief
           Acting Commander, Services Division

Subject:   Proposed Removal

It is hereby proposed that you be removed from your position as Private, SP-083-01, United States Park Police (the Force), National Park Service, Department of the Interior, and from Federal service. This action is being proposed for (1) Failure to Complete Basic Police Training. This action is being proposed to promote the efficiency of the Service and will be affected no earlier than thirty (30) calendar days after the date you receive this memorandum.

Charge: Failure to Complete Basic Police Training

Specification: On July 28, 2003, you entered the United States Park Police Integrated Recruit Training Program, Class Number 304 (USPP I-304), at the Federal Law Enforcement Training Center (FLETC). Successful completion of the training program was a condition of employment. By notice dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, you were informed that you were removed from USPP I-304 and were dismissed from training at FLETC. You failed to successfully complete basic police training at FLETC.

Background:

FLETC is independently administered by the United States Department of Homeland Security. Approximately 74 Federal law enforcement agencies use FLETC as their training facility. The Force sends all recruits to basic police training at FLETC. On October 7, 2001, you were appointed to the Force. You were assigned to FLETC, in Glynco, Georgia, to attend basic police training. On July 25, 2003, you received a letter from Acting Chief of Police Benjamin J. Holmes, Jr., stating that your successful



5

1

completion of training at FLETC was essential to your development as a police officer with the Force.

Your dismissal was based on an investigation conducted by FLETC staff regarding your conduct on November 8, 2003. On this date, at approximately, 11:25 p.m., three students from USPP I-304 contacted FLETC Security and reported that you had committed an act of violence (assault) against a fellow classmate, Sean D'Augostine. Recruit D'Augostine reported that you came to his room in an intoxicated state with an alcoholic drink in your hand. It was reported that you had pushed aside another classmate, Erick May, in order to gain access to Recruit D'Augostine. You placed your hands around Recruit D'Augostine's neck, choked him, ripped his shirt and tore his chain from his neck. Your reported actions caused significant bruising to Recruit D'Augostine's neck and chest areas. These actions were witnessed by Recruits May and Louis Facciponti, both classmates in USPP I-304. Based on the findings of the FLETC investigation, you were found to be in violation of FLETC Directives. Consequently, you were removed from USPP I-304 and dismissed from training at FLETC.

Penalty Analysis

In proposing to remove you from your position with the Force and the Federal Service, I considered the factors listed below.

Nexus

In this case, one critical factor connects your off-duty conduct, as described in the specification, to the efficiency of the Service. As a requirement to become a police officer with the United States Park Police, you must successfully complete basic police training at FLETC. Absent successful completion, you are not eligible to become a police officer. FLETC, an independent Federal Agency, made a decision to removed you from USPP I-304 and dismiss you from training. Thus, your off-duty conduct has resulted in your failure to meet a minimum requirement to become a police officer with the Force.

Aggravating Circumstances

In proposing your removal, I have considered the nature and seriousness of the misconduct and its relation to your duties, position and responsibilities and the effect of the offense upon your ability to satisfactorily perform your duties. Your failure to successfully complete basic police training at FLETC prevents you from becoming a United States Park Police officer. Thus, you cannot exercise any of the duties or responsibilities of the position for which you were hired.

I have additionally considered the notoriety of the offense and its impact upon the reputation of the agency. The Force has a longstanding history of sending police recruits

to training at FLETC. As a result of this, the Force has cultivated a good working relationship with FLETC officials. The manner in which you were discharged from FLETC has brought embarrassment to the Force and thus adversely impacted the reputation of the Force.

I have also considered, in proposing your removal, that your conduct impaired the efficiency of the Force because of your ineligibility to become a sworn Park Police officer and fulfill the duties and responsibilities for the position for which you were hired.

Mitigating Circumstances

In proposing your removal, I have considered your past work record including your length of service with the Force (hired on October 7, 2001) and the fact that you have had no prior discipline within the last year.

I have considered, in proposing your removal, your potential for rehabilitation and the adequacy of alternative discipline. As you were discharged from FLETC, you are ineligible to become a United States Park Police officer. You cannot, therefore, be rehabilitated. I have also considered the fact that other recruits who have been dismissed from FLETC have likewise been removed or dismissed from the Force. Thus the proposed removal is consistent with penalties imposed on other employees.

Proposed Action

Your proposed removal is consistent with the Department of Interior Handbook on Charges and Penalty Selection for Disciplinary and Adverse Actions (Charges and Penalty Handbook), dated June 27, 2001, for the charge. The Table of Penalties does list the offense of off-duty misconduct such that the employee is unable to fulfill his job responsibilities (number 24). Penalties for this offense range from a one-day suspension to removal for a first offense. The above-mentioned offense is similar to the charge that has been made against you.

After evaluating all of the above information, I believe that the seriousness of your behavior and the aggravating factors described above outweigh the mitigating factors. Therefore, I believe that proposing your removal is the only action that is appropriate and that will ensure the efficient operation of the Force and the Federal Service.

Right to Respond to this Proposed Removal

You may answer this Proposed Removal both personally and in writing to explain why your removal should not take place. You may submit affidavits and other written statements and evidence that you wish to be considered in support of your answer. Concerning your written and/or oral replies, you will not be restricted to matters relating

3

solely to the reasons for proposing this action, but you may assert extenuating circumstances or make any other representations which you consider appropriate.

You may represent yourself or elect to be represented by an attorney or other representative of your choice unless such representation would result in a conflict of interest or position, conflict with the priority needs of the Force or give rise to unreasonable costs to the government. If you have a representative, you must submit a Designation of Representative form, which must provide the name, title, address and phone number of your representative.

A copy of the material relied on, to support the reasons for this Proposed Removal, is enclosed for your review.

You will be allowed thirty (30) calendar days, from the date you receive this Proposed Removal, to submit your answer in writing and/or to present an oral response. Any written reply or request for an oral reply, as well as designation of representative, should be addressed to:

> Chief, United States Park Police
> 1100 Ohio Drive, SW.,
> Washington, D.C. 20024.

Consideration will be given to extending this time period if you submit a request, in writing, to the Chief, at the address listed above, stating your reasons for desiring more time. Any such request must be submitted within the time frame specified above. If you wish to request an oral reply, please also contact Ms. Kathleen Mansheim at (202) 619-7099.

Your answer or any requests cannot be on Force letterhead stationary and cannot be transmitted by electronic mail or postage paid Federal government envelope.

If you believe that personal, medical or other problems are reasons for your actions, you may provide documentation of a medical condition or raise these issues in your written and/or oral reply. If you wish to provide medical documentation, please contact Ms. Mansheim for information concerning medical documentation requirements. You may also call the Employee Assistance Program (EAP) for assistance with personal, medical or other problems. Their services are free of charge and confidential. EAP can be reached at (800) 222-0364 or (888) 262-7848 (TTY).

A final decision will not be made in this matter until your reply or replies have been received and considered, or, if no reply is received, until after the time specified for replies has passed. Any replies, affidavits, or other evidence submitted by you will be given full consideration. You will be given a written decision on this proposed action.

Effective immediately, you are being placed in an administrative leave (non-duty, paid) status pending a decision on this Proposed Removal.

8

4

If you have any questions regarding your rights or other procedures contained in this notice, please contact Ms. Mansheim at (202) 619-7099.

If you do not understand the reason your removal is proposed, please contact me for further explanation.

_____        11-17-03
Deputy Chief Barry S. Beam              Date
Acting Commander, Services Division

Enclosures: A copy of the material relied on in proposing your removal.

5