United States Department of the Interior

NATIONAL PARK SERVICE
**UNITED STATES PARK POLICE**
Headquarters
1100 Ohio Drive, SW
Washington, D.C. 20024

IN REPLY REFER TO:

Sent Federal Express, Overnight Delivery, Tracking No.8435-1190-3959,
Certified Mail, Return Receipt Requested, Article No. 7001-1140-0001-4925-7565, and
Regular Mail

Memorandum                                                    Agency Copy

To:         Recruit Michael L. Turner, United States Park Police

From:       Benjamin J. Holmes, Jr., Acting Chief, United States Park Police

Subject:    Removal Decision

In a letter dated November 17, 2003, it was proposed to remove you from the Force and from Federal Service based on the reasons and specifications therein.

I have carefully considered the proposal, all of the material that formed the basis of the proposal, the mitigating and aggravating circumstances, your Oral Response of December 23, 2003, the documents you submitted at the oral response, your written reply of December 5, 2003, and a follow-up letter of January 7, 2004. Morris E. Fischer, Esq., of the Law Offices of Snider and Fischer, LLC, represented you at your oral response and submitted the written reply on your behalf.

Charges and Findings:

My decision regarding the charges stated in the Proposed Removal letter of November 17, 2003, letter is as follows:

Charge 1:    Failure to Complete Basic Police Training:              Sustained

             Specification One:                                       Sustained



1

<u>Charge 1, Failure to Complete Basic Police Training, Specification One is Sustained</u>. On October 7, 2001, you were appointed to the Force. The Force sends all recruits to basic police training at the Federal Law Enforcement Training Center (FLETC). FLETC is operated by the Department of Homeland Security. On July 28, 2003, you entered the United States Park Police Integrated Recruit Training Program, Class Number 304 (USPP I-304), at FLETC. Successful completion of the training program was a condition of employment as an Officer with the United States Park Police. In regard to this requirement, on July 25, 2003, you received a letter from me, stating that your successful completion of training at FLETC was essential to your development as a police officer with the Force. By notice dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, you were informed that you were removed from USPP I-304 and were dismissed from training at FLETC. Your dismissal at FLETC was based on an investigation conducted by FLETC staff regarding your conduct on November 8, 2003. FLETC concluded that you committed an act of violence (assault) against a fellow classmate, Sean D'Augostine. Based on the findings of the FLETC investigation, you were removed from the basic police training class and dismissed from training at FLETC. You failed to successfully complete the required basic police training at FLETC.

My decision is not based on the underlying factual findings of FLETC regarding the incident of November 8, 2003. FLETC is a separate Federal agency and your dispute of the underlying facts is a separate matter between you and FLETC. Rather, my decision is based on the fact that FLETC removed you from basic police training class USPP I-304 and dismissed you from training at FLETC. As a result of your removal and dismissal from FLETC, you were unable to complete FLETC basic police training, which is a required prerequisite for anyone to work in the position of a United States Park Police Officer.

In making my decision, I have considered the November 13, 2003, letter from Bradley W. Smith, Deputy Assistant Director, Office of Training Management at FLETC in which you were informed of the decision to remove you from the training class.

I have also considered a letter from your attorney submitted to the Chief, United States Park Police, dated December 5, 2003, in which you requested that we consider a letter you sent to FLETC on the same date. You also requested specific documents, witness statements and pictures relied on by FLETC in their investigation of misconduct. In response, I note that we did not charge you with the underlying facts regarding the altercation at FLETC and these documents must be separately requested from FLETC. We attached a copy of all the documents we relied on for the Proposed Removal.

At your oral response, your attorney provided me a letter to Mr. Kenneth Keene, Deputy Director of FLETC, dated January 6, 2004, in which you asked for reconsideration of FLETC's decision to remove you from the training class. Also, at your oral response, on December 23, 2003, you asserted that the FLETC investigation was ongoing. You submitted a letter dated December 2, 2004, from FLETC attorney advisor Trisha L.

2

Besselman in support of this position. In response, I note that you have not submitted any documentation from FLETC with a final appeal decision. As you have provided no additional information regarding the status of your appeal, I am relying on the November 13, 2003, letter from Bradley W. Smith which is a decision to remove you from the FLETC training class.

At your oral response to the Proposed Removal, you also asserted that you had completed all coursework at FLETC and that the graduation ceremony was not necessary to your ability to work as a police officer. At the oral response, I asked you to submit documentation regarding your assertion that you had completed all course work. In response, your attorney sent me a letter dated January 7, 2004. This letter merely referred to another letter, dated January 6, 2004, from your attorney to Mr. Kenneth Keene, Deputy Director of FLETC. In this latter letter, your attorney asked for an explanation as to why a notation showing "unsatisfactory" was on the FLETC transcript. Again, you failed to submit a copy of any response by FLETC to this letter. As you provided no additional information, I am relying on the November 13, 2003, letter from Bradley W. Smith which is a decision to remove you from the FLETC training class.

At your oral response to the Proposed Removal, you next asserted that FLETC was contradicting itself regarding the issue of whether an investigation was ongoing. In this regard, you refer to the letter from Mr. Smith and another letter from FLETC dated December 2, 2003. However, you have failed to produce any documents from FLETC indicating the final status of your appeal of your removal from FLETC training. As such, I am relying on the November 13, 2003, letter from Bradley W. Smith which is a decision to remove you from the FLETC training class.

Finally, at the oral response to the Proposed Removal, you presented a 1977 case from the United States Court of Appeals for the Seventh Circuit (<u>Charles H. Young v. Robert E. Hampton, et al.</u>). You argued this case requires that the Force to prove that your removal would promote the efficiency of the service. This is the correct standard; however, it is the Force's contention that your removal will promote the efficiency of the service. Upon graduation, a recruit gets a certification from FLETC that they have successfully completed basic police training. You do not have this certification. Instead, you were dismissed from class and removed from FLETC. Thus you have failed to meet a basic requirement needed to work as a police officer. The Force has been sending recruits to FLETC for training since 1975. Prior to this, the Force sent recruits to the Consolidated Federal Training Center beginning in 1971. Since the initiation of these basic police training classes, the Force has never retained a recruit to work as a police officer if they failed to complete basic police training at FLETC. Thus, your removal promotes the efficiency of the service. Citing <u>Young v. Hampton</u>, your attorney also asserted that removing you due to concern over possible embarrassment by the Force is not a sufficient ground to remove you from the Force. In response, you are being removed due to failure to obtain the necessary certification that you successfully completed basic police training at FLETC. Without this certification, you cannot work as a police officer and this is the reason you are being removed. In selecting an appropriate penalty, the Force has considered the fact that your dismissal from class and removal

3

from the FLETC basic police training class has been embarrassing to the Force.

Based on a review of all the evidence, I find that Charge 1, Specification One is sustained.

Penalty Analysis

In deciding to remove you from your position with the Force and the Federal Service, I considered the factors listed below.

Nature and Seriousness of the Offense and Effect of the Offense Upon Your Ability to Perform at a Satisfactory Level

I have considered the seriousness of the offense, and its relation to your duties, position and responsibilities. I have also considered the effect your failure to complete basic police training at FLETC has on your ability to perform at a satisfactory level in your position. I find that due to your failure to successfully complete basic police training at FLETC, you can not perform the duties and responsibilities of a police officer.

Length of Service and Prior Discipline

I have favorably considered the length of your career with the Force (hired on October 7, 2001). I have also favorably considered the fact that you have had no prior discipline. Although I considered and weighed the evidence you presented and the above mentioned factors, I find that your failure to meet the basic qualification to become a police officer outweighs these other considerations.

Consistency of the Penalty with Those Imposed on Other Employees for the Same or Similar Offense

As noted above, the Force has never retained a recruit to work as a police officer if they failed to complete basic police training at FLETC. Thus, I find your removal is consistent with our past practice regarding the retention of police officers who fail to complete basic police training at FLETC.

Clarity with Which the Employee was on Notice of Rules Violated

As previously noted, on July 25, 2003, you received a letter from me stating that your successful completion of training at FLETC was essential to your development as a police officer with the Force. Thus, you were on notice of the requirement that you complete basic police training at FLETC.

4

Other Mitigating Circumstances

I have also considered your assertion that Recruit Sean D'Augostine provoked the altercation you had on November 8, 2003. FLETC investigated this incident and dismissed you from your basic police training class. As FLETC is a separate Federal agency, the Force has no control over their decision to dismiss you from training. Your dispute regarding the altercation must be separately raised with FLETC.

Conclusion

Based on all of the evidence in this matter, including the arguments made by your representative, I have determined that your failure to complete basic police training at FLETC has impaired the efficiency of the Force and the Federal Service and warrants your removal.

It is my decision to remove you from the U.S. Park Police and from Federal Service effective Saturday, March 13, 2004.

Employee Rights and Procedures

If you believe that this action is improper, you have the right to file an appeal to the Merit Systems Protection Board (MSPB) or to file an appeal under the negotiated grievance procedure, as described in the Article entitled "Arbitration," in the Labor Management Agreement between the National Capital Region, National Park Service, United States Department of the Interior, and the Fraternal Order of Police, United States Park Police Labor Committee, dated 1999.

One or the other of these methods of appeal may be used but not both; and, once made, the decision is irrevocable.

An MSPB appeal should be addressed to:
> Chief Administrative Judge
> Merit Systems Protection Board
> Washington D.C. Regional Office
> 1800 Diagonal Road, Suite 205
> Alexandria, VA 22314-2840

The above office of the MSPB must receive your appeal no later than thirty (30) calendar days after the effective date of this action or 30 days after the date of receipt of this decision, whichever is later. Should you allege that this action was based in whole or in part on your marital status or political affiliation, you can also appeal on these grounds to the MSPB.

If you do not submit an appeal within the time set by statute, regulation, or order of the judge, your appeal will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely.

A copy of the MSPB regulations (5 C.F.R., Part 1201), the MSPB Appeal Form and a question and answer pamphlet are attached. All of these documents, including the MSPB Appeal Form, can be downloaded electronically on the MSPB website at www.mspb.gov. This action (the decision to remove you) is not subject to review under the Department of the Interior Grievance Procedures (370 DM 771). You may use the attached MSPB Appeal Form to file an appeal, although it is not required that you file your appeal using the form. However, since completion of the form would constitute compliance with the requirements of Section 1201.24 (a), you are encouraged to use the form.

If, instead, you choose to proceed to <u>Arbitration</u>, then you must do so within thirty (30) days after the effective date of this decision. Pursuant to the agreement between the Fraternal Order of Police and the Force, only the Union may invoke arbitration; therefore, please contact the union if you wish to pursue arbitration.

The Standard Form-50, affecting your removal will be forwarded as soon as possible.

_____        __3/5/04_____
Benjamin J. Holmes, Jr.                 Date
Acting Chief, United States Park Police

Enclosures

6