United States District Court
For The District Court of Columbia

Michael L. Turner,

    Plaintiff,
    v.

United States Department Of
Interior, et al,

    Defendants,

Civil No. 05-1540 HHK

## PLAINTIFFS' OPPOSITION TO SUMMARRY JUDGMENT MOTION

This Agency listed above as Defendants has done a great injustice to me the plaintiff. I am requesting that this court take a great look at all the information, facts, and law to determine the great need of this case proceeding for a jury of my peers to decide. This court will see if this case is permitted to go forward that this agency has neglected to take into account my Constitution and Civil rights. I have served this Country through my enlistment in the United States Army to help protect the right to be free. My life was put on the line several times for all of us Americans, and to be treated like this is a great disservice for what America and I stand for. This court can make a wrong a right, and let justice prevail.

RECEIVED

JUN 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Defendant's Statement of Material Facts v. Plaintiff's Issues Opposing

1. Plaintiff is an African- American male (No Issue)

2. Plaintiff was hired by the U.S Park Police **as a (Park Police) police officer** with the United States Park Police on October 7, 2001. (No Issue)

3. Prior to being sworn in as a United States Police Officer [USPP], all USPP recruits are required to complete basic police training. See Def. Exh. 1 at p. 4.

   **Issue:** I was sworn and appointed in The Federal Government as a United States Park **Police Officer** on October 7, 2001 through a signed Appointment Affidavits Notarized by Arthur T. Pettifford Notary Public for the District of Columbia. (Plaintiffs Exhibit #1). This was prior to completing basic police training. No blanket rules were ever issued in writing in regards to you must complete training or you would be remove from this agency as well as the Federal Government.

   Defendants Exhibit 1 at 4 is a DOI department manual that I have neither seen nor signed for during my tenure with this agency. As for the information stated see Defendants Exhibit 9. This is a Transcript of FLETC Exams, Practical Exercises, Driver Training, Physical Techniques and Firearms Training. On this form it states that a STUDENT MUST ATTAIN A 70% ACCURACY/100% JUDGEMENT FOR A SATIFACTORY MARK. I received numerical grades greater than a 70% on all exams and Satisfactory passed all Exercises, Training and Techniques. All required coursework was completed in which I successfully completed the prescribed training courses at the Federal Law Enforcement Training Center. Which would preclude me from being removed for not completing training.

4. The Park Police sends it's recruits to the Federal Law Enforcement Training Center [FLETC] in Glynco, Georgia, which is a component of The United States Department of Homeland Security, in order to fulfill the basic police-training requirement.

   **Issue:** No requirement form or document was issued to me prior to Def. Exhibit 4. I was hire in October 2001. No other Officers in USPP –201 (prior training class 10/01) were bound to sign any document such as this one. This document did not state anything about termination from service. I should have been grandfathered from any type of new rules set forth prior to the day enactment requirements. See Yap v. Slater, 128 F. Supp. 2d. 672, 675 (D. Hawaii 2000) also Mario Gonzalez v. Department of Transportation 2006 MSPB 65.

5. FLETC decides whether the trainees have successfully completed the training offered and, upon graduation from FLETC, the Department of Homeland Security certifies that t/he recruit has successfully completed the basic police training by issuing a certificate. Def. Exh. 2.

**Issue:** This Department Manual was effective 01/02/02 after I had previously attended training their leaving approximately 1/06/02 due to an injury I had sustained. I don't recall ever seeing this manual or any of the rules set forth in it.

6. In October 2001 Plaintiff was sent to FLETC for training but due to a personal injury sustained on January 3, 2002, he was unable to complete his training. He was directed to report to Washington, DC and informed that after his injury healed he could complete his FLETC training with a future recruit class. Def. Exh.3.

**Issue:** This injury was sustained during a training class. I suffered permanent damage to my right wrist. There was an emergency surgery done, and I was out on workers compensation for approximately nine months. Doctors thought that I would never regain enough strength in my hand and wrist to continue my job as a Police Officer. I persevered and worked hard every day to do what I so desired, and that is to be a Police Officer. Plt. Exh. 2.

7. On July 24, 2003, plaintiff was informed that he would be returning to FLETC on July 28, 2003 to complete his training and that "upon successful completion, [plaintiff's] permanent duty station will be Washington, D.C." Def. Exh.4. Plaintiff was also informed that "training at FLETC is essential to your development as a police officer. If you fail to meet the FLETC or the Force training or conduct requirements, you will be directed to report to the Human Resources Office at Headquarters, Washington, D.C" Id.

**Issue:** This document presented a new rule that was never produced in my previous training class (USPP-201). I felt that this document was for the new hires, due to the fact that I was a non- probation Officer. My tenure with the U.S Park Police at the time of the document production was approximately twenty-one months. The term that each Officer is on probation is twelve months. At this time you could be removed from your position without any reason or cause.

8. On July 28, 2003, plaintiff signed to the Code of Conduct for USPP recruits, which informed him that dismissal from training at FLETC could be grounds for termination from the Park Police. Def. Exh. 5.

**Issue:** This document was never received nor signed by me. I did not erroneously sign 2004" before my termination which was 3/13/04.

Plaintiff also acknowledged receiving a memorandum concerning Park Police training requirements, which informed him that "[a] ny recruit who fails to meet Academy training requirements will be dismissed from training." Def. Exh. 6.

**Issue:** This document was never seen or signed by me. The date for this Memorandum is April 19, 2004. I had been removed from this Agency on March 13, 2004. How could I sign this document?

9. By letter dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, plaintiff was informed that he was being removed from his training class and dismissed from FLETC based on an investigation of plaintiff for assaulting a fellow classmate. Def. Exh. 7.

**Issue:** This document was signed by Donald L. Long for Bradley W. Smith. Who is Donald L. Long? Does he have signature authority to sign for Mr. Smith? Does he have the authority to remove anyone from training without actually knowing the details involved? It looks as if Mr. Robert F. Judge made the decision and he signed off on it for Bradley W. Smith. Does Mr. Judge have that authority? What evidence if any was given to the weight of this decision.

See Plaintiffs Exhibit number three (3). This document is undersigned by Donald G. Brewer Chief of Special Investigation and Security Division. This document is notifying me that I was being restricted from Access to FLETC. It states that this restriction is a result of you being **involved** (not guilty of) in at least one incident of workplace violence while a a student at FLETC. Yes I was involved in an incident, in which I was attacked and injured by three classmates which just so happened to be Caucasian. Plt. Exh. 3.

After a summary investigation of the incident by an all non-Black staff, I was removed from training on November 13, 2003. Through my attorney I appealed this removal from FLETC. I then requested an opportunity to confront these three attackers, whom were intoxicated and the request was denied. On February 27, 2004, FLETC denied my appeal without a hearing and gave no other appeal rights to me. This was a violation of my Fifth Amendment Rights of being deprived of life, liberty, or property without due process of law. The core of due process is the right to notice and a meaningful opportunity to be heard. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985) and Goldberg v. Kelly 397 U.S. 254 (1970). See Plt. Exh. 4.(1of 2),5., and 6. I was never given the opportunity to dispute the charges before a higher level of authority other than the one imposing the discipline. See Bolling v. Dept. of the Air Force, 9 M.S.P.R. 335, 339-40 (1981). I feel that FLETC'S actions was solely based on the

word of three racist white recruits who falsely swore that I was the aggressor against three much larger men, one of which was almost three hundred pounds.

10. On November 17, 2003, the Park Police proposed to remove plaintiff from his position with the Park Police due to his failure to complete the basic police training at FLETC. Def. Exb. 8.

   **Issue:** Per. The U.S. Department of Interior Handbook on Charges and Penalties Selection for Disciplinary and Adverse Actions states that the Agency must prove what it charges. In this regard it is crucial for management to investigate the matter prior to initiating any action against an employee. There has not been any investigation to this day made by U.S. Park Police. See Plt. Exh. 7.; which is an OIG investigative summary made by U.S. Park Police Internal Affairs Unit. It states that based upon the DOI Solicitors Office, the investigation was suspended pending the MSPB review and determination. Mr. Turner's affirmed removal from Federal Service the USPP Administrative Complaint was closed, with no further action. See Plt. Exh. 8. 1 of 2, which is a U.S. Department of The Interior, National Park Service, Supplementary Case/ Incident **Record.** This document gives a clear picture of all my Constitutional Rights being thrown out the window. It shows how I was treated during this entire ordeal. I was proven guilty, and sentence all in a twenty four hour period without any trial or opportunity to confront these three so called witnesses.

   **Per. U.S. Park Police Internal Affairs Mission Statement:**
   It states that IAU makes prompt and thorough investigation of force members for alleged or suspected misconduct, violations of laws or infractions of the USPP rules and regulations. Investigations may be prompted from information received within the force or from the public. The objective of the IAU is to gather information to **assist management** in facilitating the prompt and just resolution of disciplinary actions.
   **No IAU investigation was ever done.** I myself tried to initiate one through a Department of Interior OIG investigation, but it was suspended.
   Plt Exh. 9. 1of 6.

11. Plaintiffs transcript from FLETC shows that he did not complete all of the FLETC coursework, received an "Unsatisfactory" mark, and that he left FLETC November 14, 2003 "due to to [a] violation of the standards of conduct." Def. Exb. 9-10.

**Issue:** See Defendants Exhibit Nine (9); It clearly shows the court that all coursework was completed with passing exam grades and satisfactory (S) for all other requirements needed. The removal from FLETC was unjust, and a violation of my Civil and Constitutional Rights. I was never granted a day in court neither a chance to confront the three white males before being escorted like a prisoner from its premises (FLETC).

12. On March 5, 2004, the Park Police issued a decision to remove plaintiff from the Park Police for failure to complete basic police training. Def. Exh. 11.

**Issue:** In 1985, the United States Supreme Court decided Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487 (1985). Loudermill affirms the principle that **non-probationary** police officers may not be terminated; or otherwise disciplined so as to lose significant pay or reputation, without certain procedural steps. It would be first that the internal affairs division prepares charges against an officer. The division does an investigation in which the charged individual is ordered to take part under threat of discipline and is required to give a statement. The internal affairs investigation results in a report sustaining or discounting the charges. If the charges are sustained, internal affairs prepares a report for the Chief of Police recommending discipline. The Chief's office or the personnel division then notifies the officer of the charges, and offers and "opportunity to respond". The officer explains what happened. In later hearings, that statement is used as evidence. The due process rights in Loudermill included are: 1) Notice of charges 2) A statement of the Grounds for the charges and the supporting evidence. 3) Right to respond 4) The right to call witnesses. 5) Right to counsel. 6) Unbiased trier of fact. 7) Record. 8) Judicial review.

The U.S. Park Police erred in the process of removing me. They neglected to provide me with the due process rights I had as a non-probationary police officer. See Plt. Exh. 1. No investigation was ever done by IAU or anyone period from the Park Police. The DOI Office of Inspector General tried to initiate one from a written complaint I made, but it was later suspended by DOI'S Solicitors Office (See Plt. Exh. 7.).

## Certificate of Service

I certify that the accompanying Plaintiff's Opposing Motion for Summary Judgment, with exhibits, affidavit, and opposing order, was served upon defendant by depositing a copy of it in the U.S. mail, first class postage paid, addressed to:

> Marina Utgoff Braswell
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th. Street, N.W.
> Washington, D.C. 20530

on this day 21st. day of June, 2006

*Michael L. Turner* (signature)
Michael L. Turner
928 Booker Drive
Capitol Heights, M.D. 20743

## Affidavit of Michael L. Turner

I swear under pain of perjury that the following information and the authenticity of the documents provided are true and accurate to the best of my recollection and belief.

*(signature)*
Michael L. Turner

Subscribed and Sworn to:

*(signature)*
Notary Public

My commission expires on ___21___ day of ___June___ ___2006___

Embossed Hereon is My
Prince George's County, Maryland Notary Public Seal
My Commission Expires December 06, 2009
THOMAS M. CORRY, JR.