```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,                    )
                                      )
            Plaintiff,                )
                                      )
                                      )
      v.                              )   Civil No. 05-1543 HHK
                                      )
                                      )
UNITED STATES DEPARTMENT OF           )
   THE INTERIOR, et al.,              )
                                      )
            Defendants.               )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES
IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

In this action, plaintiff has alleged that defendants discriminated against him by dismissing him from the U.S. Park Police after he failed to complete the training required for Park Police officers. Since plaintiff is unable to show that he could prevail on this claim, defendants have moved for summary judgment.

In his Opposition ("Opp.") to defendants' motion, plaintiff does not dispute that he was required to complete training at the Federal Law Enforcement Training Center ("FLETC"), or that he was dismissed by the Park Police for failure to complete this training. See generally Opp. Indeed, he makes no prima facie showing of discrimination, nor does he show that it was mere pretext for the Park Police to fire him for failure to complete required training.

On the contrary, plaintiff apparently concedes that there is no genuine issue as to most of the facts raised in Defendants' Statement of Material Facts and the issues raised in the Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment.  Since plaintiff did not dispute facts 1, 2, 4, 5, 6, 9, and 10 in his Opposition,[1] the Court should consider them conceded under Local Rule 7(h).  See Defendants' Response to Plaintiff's Statement of Genuine Issues, attached.

Although plaintiff contests facts 3, 8, and 11, he fails to raise a genuine issue of material fact with respect to them.  He has not shown (and cannot show) that Park Police officers need not complete basic training, Opp. ¶ 3, or that he completed his FLETC coursework, Opp. ¶ 11.  Nor does he show that whether he received copies of Park Police policies is material to a claim of discrimination, when his dismissal was based on policies whose existence he does not dispute.  Opp. ¶ 8.  Plaintiff therefore has not shown that there is any material factual dispute regarding his discrimination claim.

In purporting to respond to Defendants' Statement of Material Facts, plaintiff raises a due process claim for the

---

[1] Plaintiff's statements in response to facts 4, 5, 6, 9, and 10 either attempt to raise new due process claims or are not responsive to the facts stated by defendants.  They are therefore addressed elsewhere in this Reply.  See Defendants' Response to Plaintiff's Statement of Genuine Issues.

first time. However, since plaintiff failed to raise this claim in his Complaint, it is procedurally barred. Moreover, plaintiff is unable to show that he was entitled to any due process from defendants. Finally, even if plaintiff were entitled to due process, he has already received all of the process to which he was entitled.

## ARGUMENT

I.  Plaintiff has Failed to Establish a Prima Facie Case of Discrimination.

Since plaintiff has failed to show that he can carry his burden on his discrimination claim, defendants are entitled to summary judgment. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to prevail on summary judgment, therefore, plaintiff must show that there is a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Conclusory statements, however, should not be considered by the court, since accepting them as true would "defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999). Therefore, for an issue to be "genuine," it must be

supported by "facts in the record" rather than just "a mere unsubstantiated allegation." Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993). For a fact to be "material," a court must find that it "might affect the outcome of the suit." Anderson v. Liberty Lobby, 477 U.S. 242, 246 (1986). Plaintiff is unable to satisfy these standards, and defendants are therefore entitled to summary judgment.

    An essential element of plaintiff's prima facie case is a showing that he was qualified for the position of Park Police officer. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (holding that plaintiff must show that he "was qualified for [the] job"). In order to be qualified to become a Park Police officer, a candidate must successfully complete training at FLETC. Def. Exhs. 1, 4, 6 & 12 (attached) at ¶ 2. Since plaintiff failed to complete this training, he was not qualified for the position. Def. Exhs. 7, 11.

    Plaintiff does not raise a genuine issue of material fact as to his qualifications. To the extent that plaintiff discusses his lack of qualifications, he makes only conclusory statements which fail to create a genuine issue. See Greene, 164 F.3d at 675; Harding, 9 F.3d at 154. For instance, plaintiff states, without producing supporting evidence, that there are no rules requiring Park Police officers to be trained. Opp. ¶ 3. The only record evidence is to the contrary. See Def. Exh. 1.

Plaintiff alternatively argues that he did complete the FLETC requirements. Opp. ¶¶ 3, 11. Although plaintiff relies on Def. Exh. 9 (a preliminary transcript) to bolster this argument, he ignores Def. Exh. 10, which indicates that Def. Exh. 9 was "erroneous[]" and had been superseded by the transcript in Def. Exh. 10.[2] Ultimately, plaintiff does not dispute that he was dismissed from FLETC, or that dismissal from FLETC could result in dismissal from the Park Police.[3] Opp. ¶¶ 8, 9. By ignoring the "facts in the record," plaintiff propounds "a mere unsubstantiated allegation" and therefore fails to raise a genuine issue as to his qualifications to be a Park Police officer. See Harding, 9 F.3d at 154. Consequently, he has failed to carry his burden under the McDonnell Douglas framework, and summary judgment is appropriate for defendants.

Even if plaintiff were able to make a prima facie showing, however, he would still be unable to prevail. Defendants have satisfied their burden under the second step of the McDonnell Douglas framework by showing that plaintiff was terminated "'for

---

[2] Def. Exh. 10 also shows that plaintiff failed to complete 36 hours of required training and "two practical exercises required for completion of the academic requirements" of FLETC.

[3] Although plaintiff raises questions about the signatures on the letter informing him of his dismissal from FLETC training, Opp. ¶ 9, unsubstantiated questions like these do not raise a genuine issue of fact. See Harding, 9 F.3d at 154. In addition, since plaintiff does not dispute that he was in fact removed from FLETC training, these questions will not "affect the outcome of the suit" and are therefore immaterial. See Liberty Lobby, 477 U.S. at 246.

a legitimate, nondiscriminatory reason.'" St. Mary's Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981)). Plaintiff was dismissed for the legitimate, nondiscriminatory reason that he had failed to complete the training required to become a police officer. Def. Exh. 11.

Plaintiff therefore must show "both that [this] reason was false and that discrimination was the real reason" for his dismissal. Hicks, 509 U.S. at 515. This requires that he "proffer 'significantly probative,' admissible evidence" of pretext. Phillips v. Holladay Prop. Serv., Inc., 937 F. Supp. 32, 35 (D.D.C. 1996) (quoting Hicks, 509 U.S. at 515). Plaintiff has failed to produce any such evidence, and has therefore failed to establish that there is a genuine issue as to the existence of pretext. Although plaintiff makes indirect references to race, these are references to actions taken by FLETC; he has not produced any evidence of discriminatory intent by the Park Police. See Opp. ¶ 9 (noting that incident was investigated "by an all non-Black staff" at FLETC who relied on the word of three "racist white recruits," but failing to present any evidence of discriminatory intent by the Park Police). Unsubstantiated allegations such as these are insufficient to prevail against a motion for summary judgment. See Harding, 9 F.3d at 154.

Because plaintiff has failed to show that he can establish a prima facie case of the existence of discriminatory intent, or demonstrate any pretext in response to defendants' legitimate, nondiscriminatory reason for his dismissal, summary judgment for defendants is proper under Rule 56 and Celotex.

> II. Plaintiff's Due Process Claims are Procedurally and Substantively Barred.

Plaintiff uses his Opposition to raise, for the first time, a set of procedural due process claims. Opp. ¶¶ 9, 10, 11, 12. However, plaintiff's Complaint alleges employment discrimination, not failure to provide due process. See generally Compl. It is inappropriate to use an opposition to a motion for summary judgment to raise claims not included in the Complaint. See Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) ("The 'short and plain statement' must provide the defendants with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 119 (S.D.N.Y. 1997) ("[I]t is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment."). Although the Complaint contains the brief allegation that "The agency has made several procedure [sic]

errors," Compl. at line 5, this language does not raise a due process claim even under the liberal pleading standard for pro se complaints,[4] since it did not give the defendants notice of the grounds for the claim as required under Conley and Dura.

Furthermore, even if plaintiff's Complaint does raise a due process claim (under a very generous interpretation of its language), the Park Police and Department of the Interior are not appropriate defendants against such a claim. FLETC, not defendants, made the decision to remove plaintiff from training. See Def. Exhs. 2, 7, 11 & 12 at ¶ 2. Plaintiff does not dispute this.[5] See Opp. ¶¶ 4, 5, 7. Once FLETC made this decision, the Park Police had no discretion to allow plaintiff to become a police officer,[6] and therefore no obligation to provide due

---

[4] Although a pro se complaint is "held to a less stringent standard," this does not mean that courts are expected to "decide what claims a plaintiff may . . . want to assert." "[I]f plaintiff is asserting a claim for constitutional violations he should do so with the requisite specificity, so as to give defendants notice . . . ." Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing Haines v. Kerner, 404 U.S. 519, 596 (1972)).

[5] Indeed, plaintiff acknowledges this by alleging that "FLETC denied my appeal without a hearing" and referring to "FLETC's actions." Opp. ¶ 9.

[6] See Def. Exh. 1 at 4 ("All entry-level law enforcement personnel . . . shall successfully complete the prescribed training courses at [FLETC] . . .") (emphasis added); Def. Exh. 11 at 2 ("My decision is based on the fact that FLETC . . . dismissed you from training at FLETC. . ." "FLETC basic police training . . . is a required prerequisite for anyone to work in the position of a United States Park Police Officer.").

process. See Mackey v. Montrym, 433 U.S. 1, 16 (1979). Defendants therefore cannot be found liable for violating plaintiff's due process rights.[7]

Moreover, as a conditional employee, plaintiff was not even entitled to due process. Plaintiff bases his due process claim on Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), in which the Court held that a due process claim requires "a property right in continued employment." 470 U.S. at 538. Plaintiff has no such property right. A property right requires "a legitimate claim of entitlement," which is "created and . . . defined by existing rules or understandings that stem from an independent source . . . ." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). The "existing rules [and] understandings" present in this case dictate that since plaintiff did not complete FLETC training, he was not entitled to become a Park Police officer. Def. Exhs. 1, 4, 6, 11, 12 at ¶¶ 2 and 7 & 13 (attached).

Furthermore, whereas the Loudermill plaintiffs had a statutory property right to their jobs, 470 U.S. at 538-39, plaintiff here did not. At the time of his dismissal, plaintiff

---

[7] See Garraghty v. Va. Dep't of Corrections, 52 F.3d 1274, 1280 (4th Cir. 1995) ("[T]he only persons who can be liable for the denial of due process are those in a position to provide constitutionally adequate process."). See also Hull v. Santa Fe, 113 Fed. Appx. 301, 303 (10th Cir. 2004) (When the defendant "is not liable for the conduct of the [actor] . . . [plaintiff] has not stated a constitutional claim against the defendant [he] chose to sue").

9

was a recruit, not a credentialed Park Police officer. Def. Exh. 12 at ¶ 2. Although plaintiff contends that he was a non-probationary employee and a fully sworn police officer, Opp. ¶¶ 3, 7, this misses the point. The undisputed evidence conclusively demonstrates that plaintiff's eventual employment as a credentialed Park Police officer depended on his completing training. Def. Exhs. 1, 4, 6, 11, 12 at ¶ 2, 13. Indeed, the facts of this case are more akin to those of Roth, where "the terms of the [plaintiff's] appointment secured absolutely no interest in" continued employment, and thus did not create a property interest sufficient to trigger due process protections. See Roth, 408 U.S. at 578. Plaintiff here, therefore, did not have a property interest in his position at the time of his dismissal,[8] and consequently was not entitled to due process from

---

[8] Plaintiff was a trainee whose continued employment was conditioned on the completion of training. As such, he did not have a property interest in continued employment. See Codd v. Velger, 429 U.S. 624, 628 n.2 (1977) (lower court's holding that trainee did not have a property interest "reflects a proper understanding of Roth"); Boyle v. Turnage, 798 F.2d 549, 552 (1st Cir. 1986) (finding that Veteran's Administration police trainees had no property interest in continued employment); Ledford v. Delancey, 612 F.2d 883, 885, 886 (4th Cir. 1980) (employee lacking necessary qualification did not have property interest in the position); Russell v. Hodges, 470 F.2d 212, 217 (2d Cir. 1972) (trainee whose "employment was specifically conditioned on" completing training was not entitled to due process). Indeed, plaintiff could be viewed as an applicant for the credentialed Park Police officer position, and it is well settled that applicants have no property interest in their prospective employment. See, e.g., White v. Office of Personnel Mgmt., 787 F.2d 660, 663 (D.C. Cir. 1986).

the Park Police.  His unsupported assertions to the contrary do not create a genuine issue of fact.  See Harding, 9 F.3d at 154.

Even assuming, arguendo, that plaintiff was entitled to some measure of due process, he received the investigation and hearing to which he claims he was entitled.[9]  These procedures complied with Park Police policy, despite plaintiff's assertions to the contrary.

For instance, plaintiff suggests that the Department of Interior's Office of the Inspector General ("OIG") should have conducted an investigation but failed to do so.  Opp. ¶¶ 10, 12.  On the contrary, the OIG referred plaintiff's complaints to the Internal Affairs Unit ("IAU") of the Park Police, which then investigated the matter.  Pl. Exh. 7.

Plaintiff nonetheless argues that although the IAU must make a "prompt and thorough investigation," "no IAU investigation was ever done."  Opp. ¶¶ 10, 12.  This statement directly contradicts the "Internal Affairs Case Narrative" which plaintiff submitted with his Opposition.  Pl. Exh. 7.  This "narrative" describes the IAU's inquiries into plaintiff's allegations and notes that although "this administrative investigation was suspended pending the MSPB review and determination," the investigation was ultimately closed and the allegations were determined to be "unfounded."  Id.  The report also reveals that the investigation

---

[9] Under Loudermill, 470 U.S. at 542, plaintiff would be entitled only to pre-termination notice and hearing.

was conducted promptly after plaintiff's complaint to the OIG. Id. Contrary to plaintiff's assertions then, the evidence establishes that the IAU conducted an investigation in response to his complaint.

Plaintiff also argues that since Department of Interior policy is "that the Agency must prove what it charges," it was "crucial for management to investigate" his situation, but "[t]here has not been any investigation to this day made by U.S. Park Police." Opp. ¶¶ 10, 12. Plaintiff appears to be referring to the Department of Interior's "Handbook on Charges and Penalty Selection."[10] See Def. Exh. 14. The Handbook establishes that before defendants can dismiss an employee, they must "conduct a thorough investigation," "make sure the facts support the charge," notify the employee of these facts, allow and consider a response from the employee, and select a penalty based on "all of the specific circumstances of the case." Def. Exh. 14 at 2, 7, 8. Defendants complied with all of these requirements.

In particular, the Park Police determined that plaintiff had not completed FLETC training. Def. Exh. 11 at 2. Since this was a critical qualification for Park Police officer candidates, the Park Police investigation could appropriately end there. Def.

---

[10] As authority for his statement of policy, plaintiff cites a document which is not part of the record in this case and was not submitted with plaintiff's brief. Opp. ¶ 10. Defendants therefore cannot be certain that plaintiff intended to cite the document attached as Supp. Def. Exh. 3.

Exhs. 8 at 1-2; 11. Nonetheless, plaintiff, represented by counsel, had the opportunity to present argument at an oral hearing. Def. Exh. 11 at 2-3. During the hearing, the agency requested that plaintiff submit additional evidence to support his arguments, but plaintiff did not do so. Id. The Park Police then made the final decision to terminate plaintiff based on the results of its inquiry, the information submitted at plaintiff's oral hearing, and subsequent correspondence from plaintiff and his attorney. Def. Exh. 11. Plaintiff does not dispute these facts. Indeed, he does not present any evidence to show that defendants failed to conduct an inquiry or provide plaintiff with a hearing. See, e.g., Opp. ¶¶ 10, 12. Thus even if plaintiff was entitled to due process, he received the benefits of Department of Interior procedures and the notice and hearing required by Loudermill. 470 U.S. at 542.

Plaintiff's due process claims are procedurally barred since they were not raised in his Complaint, and are substantively barred since plaintiff's conditional status did not entitle him to due process. Nonetheless, plaintiff received all the due process to which he was entitled, and has not produced any evidence suggesting otherwise. Plaintiff therefore fails to raise a genuine issue regarding any violation of his due process rights. See Harding, 9 F.3d at 154.

### III. Plaintiff's Remaining Contentions do not Raise Genuine Issues of Material Fact.

Plaintiff's contentions as to the applicability of certain policies fail to raise genuine issues of material fact, since none are supported by evidence, and none "might affect the outcome of the suit." Liberty Lobby, 477 U.S. at 246; Harding, 9 F.3d at 154. Plaintiff does not actually dispute the existence of these basic policies (such as the requirement that he be trained at FLETC), but rather asserts that he believed he was exempt from them. Opp. ¶¶ 4, 5, 7. However, the policies in question were effective during plaintiff's employment. See, e.g., Def. Exhs. 1 & 12 at ¶¶ 2, 4-8. Moreover, plaintiff was made aware of the relevant policies, both verbally and in writing, and signed statements to that effect. See Def. Exhs. 2, 4, 5, 6 & 12 at ¶¶ 4-8. Although plaintiff raises questions regarding the dates of some memoranda, these assertions are without merit and unsupported by evidence.[11] Compare Def. Exh. 12

---

[11] Plaintiff notes that the "Training Requirements" memorandum, attached as Defendants' Exhibit 6, reflects a date subsequent to plaintiff's dismissal. Opp. ¶ 8. As explained in an affidavit by a training coordinator for plaintiff's FLETC training class, "[w]hen a new [training] class arrives, the training coordinator changes the date of the memoranda, but the information and requirements identified in the memoranda remain the same." Def. Exh. 12 at ¶¶ 4. Plaintiff received Exhibit 6 and was aware of its policies. Def. Exh. 12 at ¶¶ 4, 6. Similarly, despite plaintiff's contention that he "did not erroneously sign 2004," Opp. ¶ 8, it is clear that he "incorrectly identified the date of his signature." Def. Exh. 12 at ¶ 5. He received the Code of Conduct at the beginning of his training class, and signed a statement indicating that. Def. Exh. 12 at ¶ 5.

at ¶¶ 4-7 with Opp. ¶ 8.  Plaintiff therefore fails to create a genuine issue of fact as to his awareness of the requirement that he complete training.  See Harding, 9 F.3d at 154.

Furthermore, since defendants' publication of these policies gave plaintiff constructive notice of them, his purported misunderstanding of them will not "affect the outcome of the suit" and is therefore immaterial.  See, e.g., Gray v. Toshiba Amer. Consumer Prod., Inc., 263 F.3d 595, 601 (6th Cir. 2001) (finding that employer rules and "common sense" gave employees constructive notice of policy); Mears v. Dep't of Agriculture, 1998 WL 372196 at *2 (Fed. Cir. June 5, 1998) ("as an agency employee, [plaintiff] was on constructive notice from the Employee Handbook" of agency policies).  See also Liberty Lobby, 477 U.S. at 246.

Moreover, as this is a discrimination lawsuit, plaintiff's understanding of the policies is irrelevant.  Defendants had a requirement that they applied to everyone, regardless of race. Whether plaintiff understood the race-neutral requirement says nothing about whether defendants intentionally discriminated against plaintiff in applying this requirement to him.

Thus, plaintiff has failed to raise any genuine issue of material fact concerning the policies properly applied to him by defendants.

**CONCLUSION**

For the foregoing reasons, and those submitted in Defendants' Motion for Summary Judgment, defendants ask the Court to grant summary judgment in their favor.

                      Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226