```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,              )
                                )
           Plaintiff,           )
                                )
                                )
      v.                        )   Civil No. 05-1543 HHK
                                )
                                )
UNITED STATES DEPARTMENT OF     )
   THE INTERIOR, et al.,        )
                                )
           Defendants.          )
_____)
```

**DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS[1]**

1.  Plaintiff is an African-American male.  Complaint, p.1.

    **Plaintiff does not dispute this fact.**

2.  Plaintiff was hired by the United States Park Police [Park Police] as a police officer with the United States Park Police on October 7, 2001.  Id.

    **Plaintiff does not dispute this fact.**

3.  Prior to being sworn in as a United States [Park] Police Officer [USPP], all USPP recruits are required to complete basic police training.  Exh. 1 at p. 4.

    **Plaintiff contends that "[n]o blanket rules were ever issued in writing in regards to you [sic] must complete training**

---

[1] The statements listed are defendants' statement of material facts.  The commentary in bold is defendants' reply to plaintiff's response to defendants' statements.

. . ." **He also appears to assert that Exhibit 1, and the policies it embodies, were not effective during his employment. However, since these assertions are contrary to fact and unsupported by evidence, they do not create a genuine issue as to the existence of the training requirement.**

**Plaintiff also comments that he has "neither seen nor signed for" Exhibit 1. However, a question of plaintiff's awareness of Exhibit 1 does not create an issue of fact as to the existence of the training requirement.**

**Finally, plaintiff asserts that he completed training. Since this assertion is non-responsive and contrary to fact, see, e.g., Def. Exh. 10, it does not create an issue of fact as to the existence of the training requirement.**

4.   The Park Police sends its recruits to the Federal Law Enforcement Training Center [FLETC] in Glynco, Georgia, which is a component of the United States Department of Homeland Security, in order to fulfill the basic police training requirement.  Id.

**Plaintiff does not dispute this fact. His comments made in conjunction with this statement are not responsive and do not create an issue of fact.**

5.   FLETC decides whether the trainees have successfully completed the training offered and, upon graduation from FLETC, the Department of Homeland Security certifies that the recruit

has successfully completed basic police training by issuing a certificate.  Exh. 2.

**Plaintiff does not dispute this fact.  His comments made in conjunction with this statement are not responsive and do not create an issue of fact.**

6.   In October 2001 plaintiff was sent to FLETC for training but due to a personal injury sustained on January 3, 2002, he was unable to complete his training.  He was directed to report to Washington, D.C. and informed that after his injury healed he could complete his FLETC training with a future recruit class.  Exh. 3.

**Plaintiff does not dispute this fact.  His comments regarding his injury are not responsive and do not create an issue of fact.**

7.   On July 24, 2003, plaintiff was informed that he would be returning to FLETC on July 28, 2003 to complete his training and that "upon successful completion, [plaintiff's] permanent duty station will be in Washington, D.C."  Exh. 4.  Plaintiff was also informed that "training at FLETC is essential to your development as a police officer.  If you fail to meet the FLETC or the Force training or conduct requirements, you will be directed to report to the Human Resources office at Headquarters, Washington, D.C."  Id.

**Plaintiff does not dispute this fact. His comments regarding his understanding of Park Police policy are not responsive and do not create a genuine issue of material fact.**

8. On July 28, 2003, plaintiff signed the Code of Conduct for USPP recruits, which informed him that dismissal from training at FLETC could be grounds for termination from the Park Police. Exh. 5. Plaintiff also acknowledged receiving a memorandum concerning Park Police training requirements, which informed him that "[a]ny recruit who fails to meet Academy training requirements will be dismissed from training." Exh. 6.

**Plaintiff asserts that he did not receive or sign these documents. Since this assertion is unsupported by and contrary to the evidence, see Def. Exh. 12 (attached), it fails to create a genuine issue of material fact.**

9. By letter dated November 13, 2003, from Mr. Bradley W. Smith, Deputy Assistant Director, Office of Training Management, FLETC, plaintiff was informed that he was being removed from his training class and dismissed from FLETC based on an investigation of plaintiff for assaulting a fellow classmate. Exh. 7.

**Plaintiff does not dispute this fact. Although plaintiff poses a series of questions about Exhibit 7, he fails to raise a genuine issue of fact regarding this statement. Moreover, plaintiff's purported description of events leading to his dismissal from FLETC is not responsive and does not create an**

4

**issue of fact.  Similarly, plaintiff's attempt to raise a due process claim, and his associated legal conclusions, are not responsive and do not create an issue of fact.**

10.   On November 17, 2003, the Park Police proposed to remove plaintiff from his position with the Park Police due to his failure to complete the basic police training at FLETC.  Exh. 8.

**Plaintiff does not dispute this fact.  His attempt to raise a due process claim, and his associated legal conclusions, are not responsive and do not create an issue of fact.**

11.   Plaintiff's transcript from FLETC shows that he did not complete all of the FLETC coursework, received an "Unsatisfac[t]ory" mark, and that he left FLETC November 14, 2003 "due to [a] violation of the standards of conduct."  Exhs. 9-10.

**Plaintiff's comments disputing this statement are unsupported by evidence and contrary to fact, see Def. Exh. 10, and therefore fail to raise a genuine issue of fact.  Plaintiff's attempt to raise a due process claim, and his associated legal conclusions, are not responsive and do not create an issue of fact.**

12.   On March 5, 2004, the Park Police issued a decision to remove plaintiff from the Park Police for failure to complete basic police training.  Exh. 11.

**Plaintiff does not dispute this fact. His attempt to raise a due process claim, and his associated legal conclusions, are not responsive and do not create an issue of fact.**

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226