UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. TURNER, <br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE <br> INTERIOR, et al., <br> Defendants. | Civil No. 05-1543 HHK |

### AFFIDAVIT OF GEORGE E. DAVIS, JR.

I, George E. Davis, Jr., under penalty of perjury, declare that I have personal knowledge of the facts stated below:

1. Since August 1998 to the present, I have served as a Sergeant, U.S. Park Police, National Park Service ("USPP").

2. Since October 2001 to the present, my duty station is the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. The Department of Homeland Security administers FLETC, which serves as the training facility for federal law enforcement agencies, including USPP. FLETC determines whether the trainees have successfully completed the training. Once a recruit graduates from FLETC, the Department of Homeland Security certifies that the recruit has successfully completed basic police training by issuing a certificate. FLETC is an independent federal entity under a different federal agency. Accordingly, USPP plays no role in determining whether its recruits have successfully completed basic police training. USPP police recruits cannot become police officers unless and until they successfully complete the police training requirements. Until that time, USPP police recruits are in a conditional status.

3. I have served as a USPP Training Coordinator since October 2001. Some of my major responsibilities as a Training Coordinator include coordinating the police recruit classes at FLETC, and conducting training, including but not limited to classes in firearms and defensive tactics. I assisted Sergeant K.C. Holland, a USPP Training Coordinator, with the training for USPP Integrated recruit class no. 201 ("USPPI 201"), which commenced in October 2001. I assisted Sergeant Richard Butler, a USPP Training Coordinator, with the training for USPPI 304, which commenced in July 2003. Michael Turner attended USPPI 201 and USPPI 304.

1



DEFENDANT'S
EXHIBIT
12
05-1543 HHK

4. The training coordinators issue the following memoranda to each police recruit upon his/her arrival to FLETC: Code of Conduct for U.S. Park Police Recruit Officers ("Code of Conduct"), United States Park Police Academy Training Requirements ("training requirements memorandum") and Law Enforcement Authority memorandum. The police recruit retains the memoranda but returns the signature pages to the training coordinators. The training coordinators do not keep copies of the memoranda that are issued to the police recruits because the original memoranda are stored on our computer hard drives. When a new class arrives, the training coordinator changes the date of the memoranda, but the information and requirements identified in the memoranda remain the same. The training coordinators issued the same memoranda concerning the police recruits' code of conduct, training requirements and law enforcement authority to USPPI 201 and USPPI 304, the police training classes that Mr. Turner attended.

5. On July 28, 2003, the training coordinators issued the Code of Conduct to all of the police recruits in USPPI 304, including Mr. Turner. The Code of Conduct stated that inappropriate conduct may result in "dismissal from training and/or separation from the Force." Mr. Turner signed the Code of Conduct on July 28, 2003. While Mr. Turner incorrectly identified the date of his signature as July 28, 2004, Mr. Turner was issued the Code of Conduct on July 28, 2003. The training coordinators retained a copy of Mr. Turner's signature page indicating his receipt of the Code of Conduct. Mr. Turner acknowledged on this signature page that he received the USPP Code of Conduct that was issued to him, and that he understood the penalties that may be imposed for improper conduct. The signature page stated above Mr. Turner's signature that "dismissal from training may be grounds for the termination of my employment with the Force." The Code of Conduct for U.S. Park Police Recruit Officers dated April 19, 2004, which is an example of the Code of Conduct issued to every class from 2001 - 2004, is otherwise identical to the document issued to USPPI 201 and USPPI 304. Mr. Turner received the Code of Conduct when he attended these police training classes.

6. On July 28, 2003, the training coordinators issued the U.S. Park Police Academy Training Requirements memorandum to all of the police recruits in USPPI 304, including Mr. Turner. This memorandum stated that "any recruit who fails to meet Academy training requirements will be dismissed from training." Mr Turner signed the training memorandum on July 29, 2003. The training coordinators retained a copy of Mr. Turner's signature page indicating his receipt of this memorandum. The U.S. Park Police Academy Training Requirements memorandum dated April 19, 2004, which is an example of the training requirements memorandum issued to every class from 2001 - 2004, is otherwise identical to the document issued to USPPI 201 and USPPI 304. Mr. Turner received the training requirements memorandum when he attended these police training classes.

7. On July 28, 2003, the training coordinators issued the Law Enforcement Authority memorandum to all of the police recruits in USPPI 304, including Mr. Turner. This memorandum instructed the police recruits that until they graduated from FLETC, and became duly sworn police officers of USPP, they were not authorized to become involved in any law enforcement situation under color of law. The police recruits were

instructed that "[u]nder no circumstances should you take an enforcement action in which you identify yourself as a police officer." Mr. Turner signed the Law Enforcement Authority memorandum on July 28, 2003. The training coordinators retained a copy of Mr. Turner's signature page indicating his receipt of this memorandum. The Law Enforcement Authority memorandum dated April 19, 2004, which is an example of the Law Enforcement Authority memorandum issued to every class from 2001 - 2004, is otherwise identical to the document issued to USPPI 201 and USPPI 304. Mr. Turner received the Law Enforcement Authority memorandum when he attended these police training classes.

8. Mr. Turner had notice that he was required to complete basic police training prior to being sworn in as a police officer, and that his dismissal from training may be grounds for termination of his employment with USPP. In addition to the notice he received in the memoranda mentioned in paragraph nos. 4-7 of my affidavit, I told USPPI 304 while Mr. Turner was present that they must complete FLETC training or they could be fired from USPP.

    I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20 day of July 2006.

Sgt _/s/_
Sergeant George E. Davis, Jr.