United States District Court
For The District Of Columbia

Michael L. Turner,              )
                                )
        Plaintiff,              )
                                )
                                )    Civil No. 05-1540 HHK
    v.                          )
                                )
United States Department Of     )
    The Interior, et al.,       )
                                )
        Defendants.             )
                                )

### Plaintiffs' Opposition To Summary Judgment Motion

The Defendants here clearly errored in removing me from the Federal Government and the United States Park Police. Prior to my removal on March 13, 2004 I was a career-conditional employee (non-probationary) with approximately eight years of federal service combined with four years from the United States Army (Plt. Ex 1-3). In which I received an honorable discharge along with numerous medals and awards while Conus and Oconus (preference eligible veteran). On October 7, 2001 I was **Sworn and appointed as a United States Park Police Officer** through a signed Appointment Affidavit Notarized by (NPS Employee) Arthur T. Pettifford Notary Public for the District of Columbia (Plt. Ex 4). With this said I had property rights to my employment by law. In 1985, the United States Supreme Court decided Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487 (1985). Loudermill affirms the principle that **non-probationary** police officers may not be terminated; or otherwise disciplined so as to lose significant pay or reputation without certain procedural steps.

RECEIVED
AUG 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Those steps were not followed by the Defendants, due to me being issued Proposed removal documents on or about November 16, 2003 and then actually being removed from USPP on March 13, 2004 without any investigation from the Defendants ( Plt. Ex 5&6).

The Defendants have failed to acknowledge their wrong doing in my termination, but continue to fight the issue of me not completing training. With training from class 201 and 301 I have attained more than enough hours, passed all graded, and non graded material needed for completion of training (Plt. Ex 7). The Defendants/ USPP are covering up a huge mistake that Captain Lanata (Retired USPP), and Robert Judge (DHS) made for directing me to leave FLETC without my certification and a viable reason for the removal (Plt. Ex8). Graduation was two days prior to this. The three Caucasians were not removed. They were instead allowed to graduate and continue their careers in law enforcement after they had physically attacked me. There is then and now a very big problem with those decisions made on that day. The Defendants have tried to paint a bright picture for their actions being justified, but their witnesses keep dimming the lights through false statements and forged documents. They are as follow. Captain Lanata made several conflicting statements via e-mail to Chief Ben Holmes (Retired) (from Captain D.W Smith) and to Captain Stover (from Kent Davis Attorney Advisor) stating in one e-mail that I did not complete two practical exercises and then in another that I did not complete five classes totaling thirty six hours (Plt. Ex. 9&10). These false statements were the grounds for my termination. Chief Ben Holmes went on the words of his Captain and removed me from my position without any type of investigation. Captain Lanata was aware of FLETC'S investigation and cause of

action limiting me access to FLETC. The Captain's and Robert Judge's actions were racially motivated and should have been addressed post an investigation.

From the Affidavit of George E. Davis Jr., he states that I was issued several documents and he informed me verbally on issues pertaining to completing training. (Def. Ex 12). He does not go into how a document dated April 19, 2004 was officially signed by me. Sgt. Davis gives some excuse stating that it was an example of The Code of conduct issued to every class from 2001 to 2004. This document was never signed or observed by me along with any of the other documents he continued to write about from training classes 201 or 304. This document was forged by him or someone who was trying to paint that clear picture. The integrity of these individuals have to be questioned. The documents provided now and before clearly shows this court that DOI/USPP are trying to cover up their mistake.

The prima facie showing discrimination is as follows. One being that I was attacked by three male Caucasians and removed from training and later terminated from my job. Captain Lanata (white female) assisted in removing me from training and my position as a police officer under racial pretenses. Two several other individuals from another race (non-black) were given an opportunity to work (not terminated) in a different field after they failed to complete training from FLETC for various reasons. See Plt Ex. 11 and 12 (Michael D. Duggan v. DOI docket #PH-0731-04-0066-I-1). The Defendants racially failed to extend this opportunity to me. I had been employed by DOI for a few of years with nothing negative reported in my personnel file. I was a modeled employee with a great track record and I got along well with others.

Given all the information provided in this case the court should allow a De Novo review in which a jury of my peers should judge. I have worked hard all of my life to establish myself by attaining my bachelors degree in Economics and Finance and later serving my country in the United States Army Finance Corps. During my tenure in the Army I served in Kosovo, Germany, and Ft. Bragg. Never in life have I had any history with workplace violence. This Agency has done a great disservice to my family and I for terminating my employment. It has ruined my chances of becoming a police officer and further more a government employee. Finding a good job has and continue to be a problem. This court can make a wrong a right and let justice prevail. (Plt. Ex 13-17)

## Certificate of Service

I certify that the accompanying Plaintiff's Opposing Motion for Summary Judgment, with exhibits, affidavit, and opposing order, was served upon Defendant by depositing a copy of it in the U. S mail, first class postage paid, addressed to:

> Marina Utgoff Braswell
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th. Street, N.W.
> Washington, D.C. 20530

on this day 28th. Day of August, 2006

*Michael L. Turner*
Michael L. Turner
928 Booker Drive
Capitol Heights, M.D. 20743

## Affidavit of Michael L. Turner

I swear under pain of perjury that the following information and the authenticity of the documents provided are true and accurate to the best of my recollection and belief.

*[signature]*
Michael L. Turner

The District of Columbia: ss
subscribed and sworn to before me
this _____ day of August 2006

Subscribed and Sworn to: August 28, 2006

Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2006

*[signature]*
Notary Public

My commission expires on _14th_ day of _August 2006_