UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
DEC 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL L. TURNER,   )
                     )
       Plaintiff,    )
                     )   05-1543
                     )   Civil No. 04CA0606HHK
vs.                  )
                     )
UNITED STATES DEAPRTMENT OF  )
INTERIOR, et. Al.    )

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Pursuant to Federal Rules of Civil Procedure Rule 52(b) and 60(b), plaintiff pro se Michael Turner moves for reconsideration of the Court's December 6, 2006 Order granting defendant's motion for summary judgment. Grounds for reconsideration include multiple instances of bad faith and contrary record evidence that were not addressed by the Court.

## INTRODUCTION

This is a employment discrimination action filed by the plaintiff, an African American male, who was hired as a Park Police officer on October 7, 2001. (Comp. at 1 & Ex. 1 Appointment Affidavit notarized by Arthur P. Pettiford., alsoEx. # 4 Pl.. Opposition to Summary Judgment Motion dated Aug 28, 2006[1]) The appointment was subject to completion of a one-year probationary period. Plaintiff contends, however that he was a career conditional employee. (Pl. Ex. 3, Notification of Personnel Action) and as such maintained certain property rights in his employment. Plaintiff was required to complete a basic training at the Federal Law Enforcement Training Center ("FLETC), which is operated by the Department of Homeland Security. (Compl., Ex. 2 at 2.) The completion of the program was a condition precedent to

---

[1] Court categorizes this document as a Surreply and for procedural reasons Plaintiff will

maintaining employment with the Park Police. (Pl. Surreply, Ex. 5). Although, "FLETC" is characterized as an independent agency, several Park Police instructors are detailed to FLETC from the Park Police Department. (i.e. physical fitness, drivers ed., firearms, and two instructors per class for training). This is a semi-autonomous entity not fully independent of the Park Police.

Plaintiff began training at FLETC in 2001 as a member of integrated recruit class number USPP I-201. (Pl. Surreply, Ex. 6 at 2). Plaintiff left FLETC in January 2002 after sustaining an injury to his right hand, prior to leaving he had completed seventy five (75%) of the curriculum, (Pl. Opposition at Ex. 7 ). Plaintiff subsequently resumed his training in July 2003 as a member of recruit class number USPP I-304.

On November 8, 2003, plaintiff was involved in a physical altercation with two Caucasian male, Park Police recruits. ( Pl. Surreply, Ex. 5). FLETC did an internal investigation and determined that the plaintiff committed an act of violence (assault) against a fellow recruit, (Compl. Ex 2 at 2) and FLETC deemed plaintiff's conduct a violation of Office of Personnel Management regulations and FLETC Directives regarding student misconduct and workplace violence.

FLETC removed plaintiff from recruit class USPP I-304 and dismissed him from FLETC TRAINING. The Park Police, as a direct result of the removal and without an administrative hearing removed Plaintiff, asserting that he had failed to successfully complete the required the basic police training at FLETC.

After considering plaintiff an oral hearing and written responses to the proposed removal, the Park Police removed Plaintiff effective March 13, 2004. (Pl.'s Surreply Ex. 2 (Notification of Personnel Action effective 3/13/04). Plaintiff challenged his removal before the Merit Systems

---

acquiesce in the categorization.

Protection Board ("MSPB") and the findings were sustained. See Compl. At 1 & Ex. I (June 20, 2005 Final Order, MSPB Dkt. No. DC-0752-04-0413-I-1).

In this action, plaintiff, is proceeding pro se, alleges that the Park Police improperly removed him because of his race. He demands back pay and damages totaling $25 million. Plaintiff case falls under the ambit of Title VII of the Civil Rights Act of 1964 as Amended, se 42 U.S.C. Section 2000e et seq. Although plaintiff does not specifically allege the statutory basis for his removal, the pro se litigant is given a degree of latitude with respect to making out a claim. Ended Complaint Defendant's filed a motion to dismiss on behalf of all of the Defendants.

## ARGUMENT

The Plaintiff states that he has maintained a prima facie case of racial discrimination. He asserts that (1) [H]e is a member of a protected class; (2) [h}e suffered and adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973; Stella v. Mineta, 284 F.3d 135 144(D.C. Cir 2002). Plaintiffs points to a factual predicate of discrimination in stating that he was attacked by three male Caucasians and removed from training and later terminated from employment. (Pl.'s Surreply at 3) In is memorandum plain Further, he states that two other individuals from another race (non-black were given an opportunity to work (not terminated in a different field after they failed to complete training from FLETC for various reasons. (Pl.'s Surreply at 3, Ex. 11 and 12). Plaintiff asserts that he was not given an opportunity to pursue the same options as these non-African American counterparts.

It is undisputed that the Plaintiff is a protected class and that he suffered an adverse employment action but he must reach the third hurdle, which is that the unfavorable action gives rise to an inference of discrimination. Plaintiff submits that the action gives rise to an inference

of discrimination. The Caucasians were not reprimanded, nor were they subject to any type of removal, even after the Plaintiff suffered bruises as a result of the incident.

Plaintiff maintains that he was a career conditional employee. (Pl. Ex. 1). Plaintiff maintains that he was employed as a Park Police Officer for two years prior to his removal. Plaintiff was appointed as a Park Police officer on October 7, 2001. (Pl.'s Opp'n, Ex. 1. (Appointment Affidavits). Plaintiff further states that as a career conditional employee that he was afforded certain property rights. See. Vincent N. Chavies, v. Department of the Navy DC-315H-06-0054-I-1[2] (PLT. Ex 1)  This decision seems to be on point with the Plaintiff's case in that the factual similarities are consistent.  In this case the Appellant Chavies was erroneously removed from his position as a police officer for inability in completing training requirements, and for being tardy on at least one occasion.  Chavies had signed a Statement Of understanding requiring him to complete another probationary period/training requirements (See Compl.,Ex. 2 at 2) after he had completed his one year probationary period, which gave him property rights. The Administrative Judge in this case reversed this decision to remove Chavies, citing Hughes v. Social Security Administration, 99 M.S.P.R. 67, 7 (2005), and Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985) (affirms the principal that non-**probationary** police officers may not be terminated; or otherwise disciplined so as to lose significant pay or reputation, without certain procedural steps); King v. Erickson, 89 F.3d 1575, 1581 (Fed. Cir. 1996) (an agency's compliance with the Requirements of 5 U.S.C. 7513, provides the minimum due process to which employees is entitled), rev'd  on other grounds sub nom. Lachance v. Erickson, 522 U.S 262 (1998).

**Permanent** employees are generally hired into the Federal government under a **career- conditional appointment**. A career- conditional employee must complete three years

---

[2] This is a recently decided case from the Merit System Protection Board.

of substantially continuous service before becoming a full career employee. Career-conditional employees automatically become career employees after the third year anniversary date. The first year of service of an employee who is given a career- condition appointment is considered a probationary period. This period is really the final and most important step in the examining process. It affords the supervisor an opportunity to evaluate the employee's performance conduct on the job, and to remove the person without undue formality, if necessary (See 5 CFR Part 315/ (PLT EX. 2 & 3). After the employee has gone through this probationary period, he or she has earned their property rights with time.

  The U.S. Park Police negligently accounted for classes taken and passed while attending The Federal Law Enforcement Training Center. With training from classes 201 and 301 plaintiff had attained more than enough hours, passed all graded, and non graded material needed for completion of training (Plt. Ex 7). Captain Lanata made several conflicting statements via e-mail to Chief Ben Holmes (Retired) (from Captain D.W Smith) and to Captain Stover (from Kent Davis Attorney Advisor) stating in one e-mail that plaintiff did not complete two practical exercises and then in another that plaintiff did not complete five classes totaling thirty six hours (Plt. Ex. 9&10). These false statements were the grounds for termination. Chief Beam and Chief Holmes went on the words of their Captain and removed plaintiff from his position without any type of investigation. This was a violation of the plaintiff's rights which again are provided by statute, they serve to ensure that employees are given the minimum due process to which a <u>tenured public</u> employee is entitled under the U.S. Constitution. See <u>Cleveland Board of Education v. Loudermill, 470 U.S 532, 546 (1985), and Goldberg v. Kelly</u> 397 U.S. 254 (1970). Captain Lanata was aware of FLETC'S investigation and cause of action <u>limiting</u> plaintiff access to FLETC, which would have still allowed plaintiff to graduate (See Plt. Ex11).

The Captain's and Robert Judge's actions to remove plaintiff from school without any type of hearing was racially motivated and should have been addressed post an investigation.

Depositions taken from the two White Park Police Officers (plus witness) that I had allegedly attacked clearly proves that this was a conspiracy. Officer Eric May's testified under oath that he was never assaulted by me. Officer Facciponti's statement taken under oath, shows that one he is a racist. Two he had several altercations with other recruits (i.e. verbal & physical), and was not removed. Three he had problems following orders from authoritative members (plaintiff was class leader). Last but not least Officer Facciponti stated that he was scared (the night of incident) and the only thing he could think about was his family. Officer D'Augostine's deposition under oath, will show the court that one he had been in a physical altercation with another class member, and was not removed from training. Two, he was confused on what supposedly occurred and how he was supposedly attacked. Three, he never seeked any medical attention for the alleged attack. Last but not least Officer D'Augostine testified that they were consuming alcohol.

George E. Davis Jr. affidavit states that I was issued several documents and he informed me verbally on issues pertaining to completing training. Sgt. Davis did not verbally inform me, or issue me any such thing. He was in a training status from 12/01 until 10/02 (Instructor Training). He arrived at the Federal Law Enforcement Training Center approximately a few days prior to Christmas (12/01). The USPP class 201 had started in 10/01. Sgt. Davis <u>never</u> instructed any classes that <u>I</u> attended. These statements are completely false (Def. Ex 12). This court erred in assuming that I acknowledged the receipt or signed any documents Sgt. Davis wrote about in his affidavit.

## Conclusion

Summary judgment may be granted on the basis of agency affidavits if they "are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F. 2d 724, 738 (D.C. Cir. 1981).

But there are multiple instances of bad faith and contrary evidence in the record that went unreviewed in the Court's Memorandum Opinion. I respectfully suggest that these instances, described above, are sufficient to moderate or nullify the deferences to which Sgt. Davis affidavit would ordinarily be entitled.

A de novo review of the matter shows that logically, based on the evidence presented in plaintiff's motion for summary judgment, disclosure of racial discrimination, depositions of government witnesses, negligent accounting, violation of plaintiff's due process rights, and the sole property rights of the plaintiff should with in itself be enough to reverse the initial courts decision.

For the above-stated reasons, I respectfully move that the Court reconsider its ruling on Defendant's motion for summary judgment and plaintiff's cross-motion.

Dated:    December 14, 2006                    Respectfully submitted,

                                                Michael L. Turner
                                                Plaintiff pro se
                                                Tel: (301)324-5518

### Affidavit of Michael L. Turner

I swear under pain of perjury that the following information and the authenticity of the documents provided are true and accurate to the best of my recollection and belief.

Petruzzelli Days
Notary Public
District of Columbia
My Commission Expires
September 14, 2009

_Michael L. Turner_ (signature)
Michael L. Turner

Subscribed and Sworn to:

_[signature]_
Notary Public

My commission expires on __14__ day of __Sept__ __2006__

## Certificate of Service

I certify that the accompanying Plaintiff's Opposing Motion for Summary Judgment, with exhibits, affidavit, and opposing order, was served upon defendant by depositing a copy of it in the U.S. mail, first class postage paid, addressed to:

> Marina Utgoff Braswell
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th. Street, N.W.
> Washington, D.C. 20530

on this day 21st. day of June, 2006

*Michael L. Turner*
Michael L. Turner
928 Booker Drive
Capitol Heights, M.D. 20743