UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,                    )
                                      )
            Plaintiff,                )
                                      )
            v.                        )    Civil No. 05-1543 HHK
                                      )
UNITED STATES DEPARTMENT OF           )
    THE INTERIOR, et al.,             )
                                      )
            Defendants.               )
_____    )

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION

Preliminary Statement

Plaintiff pro se, a former employee of the United States
Park Police, brought this action under Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, alleging
discrimination based on race.  In particular, plaintiff, an
African-American male, alleges that he was discriminated against
when he was removed from the United States Park Police [Park
Police], a component of the United States Department of the
Interior, after failing to obtain a certificate of completion of
training at the Federal Law Enforcement Training Center [FLETC].

By Memorandum Opinion and Order dated December 6, 2006, this
Court granted defendant's motion for summary judgment.  R. 23-24.
The Court concluded that plaintiff's appointment was subject to a
one-year probationary period and that he was required to complete
the basic training offered by FLETC.  R. 23 at 2, 5-6.  The Court
further concluded that plaintiff had failed to complete the

required FLETC training when he was removed from FLETC prior to the completion of his training due to an altercation with other Park Police recruits.  As this Court noted, the merits of that altercation or the validity of FLETC's removal decision are not at issue in this case.  R. 23 at 8-9.

The Court then held that the Park Police's decision to remove plaintiff from the Park Police for failure to complete the required training at FLETC was non-discriminatory and that plaintiff had produced no evidence of pretext.  R. 23 at 9-10. Indeed, the Court even found that plaintiff had failed to state a prima facie case of discrimination given that he had failed to show that he had successfully completed the FLETC training, which was a requirement for the continuation of his conditional appointment as a Park Police officer.  Id.

Plaintiff's motion for reconsideration consists of nothing more than plaintiff's attempt to relitigate issues already presented to, and decided by, this Court.  This is manifestly contrary to well-settled law that a motion for reconsideration may not be used as a vehicle to simply relitigate issues already presented and decided.  Plaintiff has presented no error in need of correction, and thus his motion for reconsideration should be denied.

ARGUMENT

A motion for reconsideration is discretionary with the Court and ordinarily will be granted only on the basis of (1) an intervening change of controlling law; (2) newly discovered evidence or (3) the need to correct errors of law or fact or prevent manifest injustice. See, e.g., Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). If a party alleges error as the basis for reconsideration, he must present facts or law that warrant a reversal of the Court's prior decision. However, it is well settled that reconsideration is not appropriate where there is no error of law or fact and where a party is merely attempting to reargue its factual and legal assertions. Taylor v. Department of Justice, 268 F. Supp.2d 34, 35 (D.D.C. 2003). A Rule 59(e) motion cannot be used to relitigate matters already argued and decided. United States v. Western Electric Co., 690 F. Supp. 22, 25 (D.D.C. 1988), modified on other grounds, 900 F.2d 283 (D.C. Cir. 1990). As the Court said in Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988), reconsideration is not to be used as a "license for a losing party's attorneys to get a 'second bite at the apple.'"

The Court also recently stated that, with respect to a motion for reconsideration:

> The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of parties

3

and others to rely on the finality of judgments.  In light
of the foregoing, motions for reconsideration are rarely
granted by this Court.

In the matter of an Application to Enforce Administrative
Subpoena of the U.S. Commodity Futures Trading Commission, 403 F.
Supp.2d 34, 35 (D.D.C. 2005).  Plaintiff's motion in this case
does not fall under one of those rare circumstances in which this
Court should grant reconsideration.

Plaintiff first argues that he was a career conditional
employee and as such had certain property rights in his
employment.  Plaintiff's Mot. at 1.  As support for this claim,
plaintiff relies on a recent decision by the Merit Systems
Protection Board [MSPB].  See Plaintiff's Exh. 1.  This case,
contrary to plaintiff's claim, is not on point with plaintiff's
circumstances.

In Chavies v. Department of the Navy, 2006 MSPR 336 (Nov.
27, 2006), the MSPB upheld an administrative law judge's decision
to rescind the separation of a police officer in the Department
of the Navy for failure to complete certain training, because the
officer had been denied procedural due process.  In particular,
the Department of the Navy had failed to provide the officer with
a notice of the proposal to remove him and an opportunity to
respond to that proposal.  Id.

By contrast here, as this Court noted and plaintiff
concedes, the Park Police gave plaintiff a notice of proposed

4

removal and allowed him to respond to that notice both verbally
and in writing.  R. 23 at 3; Plaintiff's Mot. at 2.  Thus, unlike
in <u>Chavies</u>, plaintiff here was not denied notice of the proposal
to remove him and an opportunity to respond.[1]

Plaintiff's motion for reconsideration is largely based on
an attack on the actions taken by FLETC in removing him from
training.  <u>See</u> <u>generally</u> Plaintiff's Mot.  Yet this Court
correctly noted that the actions of FLETC have been challenged in
a separate case, and thus are not at issue here.  R. 23 at 3 n.2,
9.

Plaintiff also contends that he was never informed by Sgt.
George Davis of the Park Police that he was required to complete
FLETC training in order to continue in his conditional
appointment to the Park Police.  Plaintiff's Mot. at 6.  This
attempt to raise a material fact fails.  Plaintiff does not
provide any evidence to refute this Court's finding that
plaintiff acknowledged receiving a copy of the United States Park
Police Law Enforcement Authority Memorandum, which explained that
graduation from FLETC was mandatory for Park Police officers.
<u>Compare</u> R. 23 at 6 <u>with</u> Plaintiff's Mot. at 6.  Moreover,
plaintiff's knowledge of this requirement is not a material fact.

---

[1] Although plaintiff continues to assert that he had
certain undefined property rights in his employment with the Park
Police, Plaintiff's Mot. at 1, this issue was previously
litigated by the parties and rejected by this Court.  R. 23 at 6-
7.  Plaintiff points to no error in that decision.

Plaintiff points to no evidence that this requirement did not exist, or that he in fact graduated from FLETC.  Absent such graduation, this Court correctly concluded that the Park Police had legitimately removed plaintiff from his conditional appointment as a Park Police officer.

Plaintiff simply points to no error in the Court's December 6, 2006 decision, and thus his motion for reconsideration should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion for reconsideration should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

6

<u>CERTIFICATE OF SERVICE</u>

I certify that the accompanying Defendant's Opposition to Plaintiff's Motion for Reconsideration, with proposed order, was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

> Mr. Michael L. Turner
> 928 Booker Dr.
> Capitol Heights, MD 20743

on this 5th day of January, 2007.

---

MARINA UTGOFF BRASWELL, D.C. Bar #416587
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,            )
                             )
        Plaintiff,           )
                             )
        v.                   )     Civil No. 05-1543 HHK
                             )
UNITED STATES DEPARTMENT OF  )
  THE INTERIOR, <u>et</u> <u>al</u>.,        )
                             )
        Defendants.          )
_____ )

## ORDER

Upon consideration of plaintiff's motion for reconsideration, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the denial of plaintiff's motion would be just and proper, it is by the Court this _____ day of _____, 2007,

ORDERED that plaintiff's motion for reconsideration be, and it hereby is, denied; and it is further

ORDERED that this case be, and it is, dismissed with prejudice.

                          _____
                          UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center
555 - 4th Street, N.W.
Washington, D.C. 20530


Mr. Michael L. Turner
928 Booker Dr.
Capitol Heights, MD 20743