## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. TURNER,

                Plaintiff,

      v.

DEPARTMENT OF THE INTERIOR, *et al.*,

                Defendants.

Civil Action No. 05-1543  (HHK)

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion for reconsideration of this court's ruling granting summary judgment to defendants.  For the reasons stated below, the motion will be denied.

### I.  BACKGROUND

Plaintiff, a Black man, brought this action following his removal from the United States Park Police, effective March 13, 2004.  The summary-judgment record shows that plaintiff was removed because he failed to complete basic police training at the Federal Law Enforcement Training Center ("FLETC").  The record also shows that FLETC officials removed plaintiff from training on November 13, 2003,  following their investigation of a physical altercation involving plaintiff and three White recruits on November 8, 2003.

The Court construed the action as an employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq*.  Although there is no

dispute that plaintiff is a member of a protected class and that he suffered an adverse employment

action, the Court concluded that plaintiff failed to establish that the circumstances of his removal

gave rise to an inference of discrimination based on his race.  Further, defendants established that

plaintiff's appointment was conditioned on his successful completion of FLETC training, that

plaintiff did not complete FLETC training, and that his failure to complete FLETC training was

the basis for his removal.  Defendants maintained that the reasons for plaintiff's removal from

FLETC training did not influence the decision to remove him from the Park Police.  Even if he

had made out a *prima facie* case of race discrimination, the Court found that defendants

presented a legitimate non-discriminatory reason for its decision. Plaintiff produced no evidence

to show that defendants' articulated reason was pretext for discrimination.  Accordingly, the

Court granted summary judgment for defendants.  *See Turner v. Dep't of the Interior*, Civ. No.

06-1543 (D.D.C. Dec. 6, 2006).

Plaintiff moves for reconsideration of the December 6, 2006 Memorandum Opinion and

Order because of "multiple instances of bad faith and contrary record evidence that were not

addressed by the Court."  Plaintiff's Motion for Reconsideration ("Pl.'s Mot. for Recons.") at 1

(page numbers designated by the Court).

## II.  DISCUSSION

The Court construes plaintiff's motion for reconsideration as a motion to alter or amend a

judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *See, e.g., Derrington-Bey v.*

*District of Columbia Dep't of Corr.*, 39 F.3d 1224, 1225-27 (D.C. Cir.1994) (treating motion for

reconsideration as a Rule 59(e) motion if it is filed within 10 days of entry of the challenged

order); *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003).  "Motions under

[Rule] 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Such a motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks and citation omitted)).

Plaintiff makes two principal arguments here.[1] First, he argues that the circumstances of his removal from FLETC training give rise to an inference of race discrimination. Pl.'s Mot. for Recons. at 3-4. He "points to a factual predicate of discrimination in stating that he was attacked by three male Caucasians" and that these individuals neither were reprimanded nor removed from training. *Id.* at 3. In addition, he argues that his October 7, 2001 appointment as a United States Park Police officer was a career conditional appointment, such that after a one-year probationary period he enjoyed a property interest in his employment. Pl.'s Mot. for Recons. at 1, 4-5.

The Court has considered and rejected these arguments before. "A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs and that were already rejected by the Court." *Pearson v. Thompson*, 141 F. Supp. 2d 105, 107 (D.D.C. 2001) (citations omitted). Plaintiff does not establish an intervening change of controlling law, the availability of new evidence, or

---

[1]     Plaintiff's other arguments pertain to the underlying decision to remove him from FLETC training and are not relevant to the only issue in this case: whether the United States Park Police removed plaintiff because of his race.

the need to correct clear error or manifest injustice.  Absent any of these circumstances, his

motion for reconsideration must be denied.

An Order consistent with this Memorandum Opinion will be issued separately on this

same date.

HENRY H. KENNEDY, JR.
United States District Judge

Date: October 12, 2007